ARNETT v. LINHART ET AL.

1. WATER RIGHTS TRANSFERABLE.

Although a water right may be appurtenant to land, it may be transferred either with or without the land.

2. SAME—CONVEYANCE.

Whether a deed to land conveys a water right depends upon the intention of the grantor, which is to be gathered from the express terms of the deed, or, when it is silent as to the water right, from the presumption that arises from the circumstances, and whether such right is or is not incident and necessary to the beneficial enjoyment of the land; so where a deed, after describing the land, contained the following : "And also one half interest in a certain ditch," describing it, it is manifest that the grantor intended to convey a like interest in the water right, and to reserve a one half interest in that right as well as in the ditch itself.

3. DEFENSE—DAMAGES.

The fact that the plaintiff wrongfully prevented the defendant from taking water from a ditch in which he had a right does not constitute a defense to an action brought against the defendant for diverting all of the water of the stream by means of a new ditch, and for damages to the old ditch and other property caused by the operation of the new one.

*Appeal from the District Court of Arapahoe County.*

Messrs. HIPP & TESCH, for appellant.

Mr. E. W. WAYBRIGHT, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

This is an action brought by Mary M. Arnett against Eliza and David Linhart to recover damages resulting from the interruption of the use of an irrigating ditch, and the consequent loss of water for irrigation purposes, and for certain equitable relief.

Upon the conclusion of plaintiff's evidence, the court below sustained a motion for nonsuit and dismissed the action at plaintiff's cost. The assignment of errors challenges the correctness of this ruling. From the record it appears that on the 8th day of April, 1886, defendants conveyed, by warranty deed, to plaintiff a certain piece of land containing about eleven acres; and also a water right, the extent of which is in dispute between the parties, plaintiff contending that she is the owner of the entire water right, and defendants claiming an undivided one half of the same. Since the controversy in this case arose out of these conflicting claims, and a part of the relief sought involves an adjudication of these respective rights, we deem it best to determine this question at the outset. Plaintiff insists that, the water right involved having been used upon the land prior to her purchase, it therefore became and was an appurtenance thereto and passed to her by the conveyance of the land. Whatever may be the rule governing the transfer of water rights that, under the par-

ticular circumstances, are appurtenant to the land conveyed, when no express mention thereof is made in the deed, it certainly can have no application to a case where, by the terms of the deed itself, such right is expressly granted or reserved. Although a water right may be appurtenant to the land, it is the subject of property and may be transferred either with or without the land. *Strickler v. City of Colorado Springs*, 16 Colo. 61. Being therefore a distinct subject of grant, and transferable either with or without the land, whether a deed to land conveys the water right depends upon the intention of the grantor, which is to be gathered from the express terms of the deed; or, when it is silent as to the water right, from the presumption that arises from the circumstances, and whether such right is or is not incident to and necessary to the beneficial enjoyment of the land.

In the case at bar the deed to plaintiff expressly limits and determines the extent of the water right conveyed to her. Its language is: "That the said parties of the first part, for and in consideration * * * have granted, bargained, sold and conveyed, * * * all the following described lot or parcel of land and water rights; * * * ."

After a description of the land by metes and bounds, the water right referred to is described as follows : " And also a one half ($\frac{1}{2}$) interest in a certain ditch taken from a certain gulch known as 'Dad Clark Gulch,' said ditch being now constructed."

By expressly conveying a one half interest in the ditch, the grantors manifestly intended to convey a like interest in the water right, and reserve a one half interest in that right as well as in the ditch itself; otherwise the reservation of an interest in the ditch would be absolutely worthless. We conclude, therefore, that the plaintiff is the owner of one half of the ditch and entitled to the use of one half of the water appropriated thereby. The ditch is known as the " Linhart Ditch No. 2," and appropriates the entire flow of water in Dad Clark gulch. It appears that defendants, upon being denied the right to use any water flowing in this ditch, in the fall of

1888 constructed another ditch for the purpose, as they allege, of taking their share of water from the Dad Clark ditch. This latter ditch is known as the "Linhart Ditch." Upon the trial plaintiff introduced testimony to the effect that by means of this new ditch defendants diverted all the water from Dad Clark gulch; and by reason of its location, it being upon a steep hillside, the water in running through it washed sand and dirt into ditch No. 2, thereby filling it and preventing the plaintiff from using any water on her land during that fall; that by being so deprived of water her crops and fruit trees were damaged, and she was put to the expense of cleaning out the ditch, etc.

This testimony was undisputed, and, upon a motion for a nonsuit, must be taken as true. It is clearly sufficient to sustain a recovery in some amount. The claim of appellees, that by reason of plaintiff's conduct in wrongfully preventing them from using water through ditch No. 2 they were compelled to build the new ditch, and that she is therefore estopped from claiming damages that resulted to her thereby, is untenable. They could have enforced their right to use their portion of the water through ditch No. 2 by instituting proper proceedings, and it is no defense to their liability for the injuries, if any, that she sustained by the construction and use of a new ditch, that she refused to allow them to use their share of the water through ditch No. 2. And, furthermore, upon the pleadings, the plaintiff is entitled to have the priority of record between the respective ditches adjudged and determined. We think the court below erred in sustaining the motion for a nonsuit. The judgment is accordingly reversed and cause remanded.

*Reversed.*