## [No. 3676.]
## GELWICKS v. TODD.

1. SPECIFIC PERFORMANCE OF CONTRACT—PLEADING.
G. was indebted to T. evidenced by promissory notes secured by deed of trust on farming land and a water right used in irrigating said land and other property. An agreement was made between them whereby G. was to convey to T. the land and water right, in consideration that T. should surrender and cancel the notes and release the deed of trust. T. entered into possession of the land and water right under the agreement. Shortly afterwards G. tendered to T. a warranty deed to the land and water right, and demanded the surrender and cancellation of the notes; but T. declined to accept the deed, and refused to surrender the notes. G. brought an action to enforce specific performance of the contract. The complaint described the land, but did not, in terms, mention the water right, but alleged that the conveyance was to be of the land "together with all appurtenances thereto belonging." *Held,* that under the facts of the case the allegations of the complaint were sufficient to admit evidence of a contract to convey land and a water right and there was no variance between the contract alleged and the one proved.

2. PLEADING—AMENDMENT.

Where the defendant could not have been surprised at the evidence of
plaintiff; if the complaint was not sufficiently broad to admit the
evidence, an amendment should have been allowed to make the
complaint correspond with the evidence.

3. WATER RIGHT—CONVEYANCE.

A water right is a distinct subject of grant, and may be conveyed either
with or without the land.  Whether a deed to land conveys the
water right depends upon the intention of the grantor, to be gathered
from the express terms of the deed; or, when the deed is silent as
to the water right, from the presumption that arises from the cir-
cumstances, and whether such right is or is not necessary to the
beneficial enjoyment of the land.

*Appeal from the District Court of Delta County.*

Messrs. KING & ROBERTSON and Mr. S. S. SHERMAN, for
appellant.

Messrs. FAIRBANKS & DICKERSON and Mr. CHAS. T.
CASWELL, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the
court.

Action for the specific performance of a contract.  The
plaintiff, appellant here, was indebted to the defendant, ap-
pellee, in the sum of $3,822, evidenced by promissory notes
secured by a trust deed upon town lots and agricultural lands
and a water right used in irrigating the latter.   As the plain-
tiff was unable to pay the notes, he entered into a contract
with the defendant whereby he agreed to convey to her said
farm lands and water right, in consideration of which she
agreed to cancel and surrender to him said notes.

The defendant at once, or very soon after the agreement
was made, entered into and took possession, and still holds
possession, of the land and water right.   A short time after
surrendering possession, the plaintiff tendered to defendant
his warranty deed of conveyance, describing the lands and
the water right, and demanded of her the surrender and can-

cellation of the notes; but she declined to accept the deed and refused to give up the notes; and this action was then brought.

The complaint specifically describes the land, but does not, in terms, mention the water right. There is an allegation that the conveyance was to be of the land "together with all appurtenances thereto belonging." In her answer the defendant alleges that the contract, though calling for a conveyance of the land and a water right used in connection therewith, was conditioned upon its approval by some of her relatives or friends, which was not given. She also claims that the plaintiff misrepresented the value of the water right; but, if it be assumed that such are good defenses under the other admitted facts, there was no sufficient proof of either.

Upon the trial, the court submitted to a jury two questions for their finding, in substance as follows: *First*, was the contract, as set out in the complaint, made? *Second*, did the defendant take possession of the subject-matter of the contract in pursuance of its terms? The jury answered both questions in the affirmative. The court approved, and adopted as its own, the jury's findings in response to the second question, but set aside their answer to the first, for the reason that the evidence of both parties showed that the contract was for the conveyance of land and a water right, while the complaint declared upon a contract for the conveyance of land only.

The questions involved upon this appeal are sufficiently indicated by the two general propositions assumed by the appellant in his brief: *first*, that the language of the complaint "together with all appurtenances thereto belonging," especially when considered in connection with the uncontroverted evidence that both parties intended and understood that a water right was to be conveyed, was sufficiently comprehensive to allow, and of itself constituted an allegation under which, proof of the contract for the conveyance of a water right used on the land might be introduced; or, as

might be otherwise expressed, a contract to convey land may carry with it a water right, depending upon the circumstances of the case; *second*, if the foregoing proposition is not true, then it was the duty of the court, under the facts of the case, to permit an amendment of the complaint to be made to make the pleading correspond to the proof.

From an examination of the opinion of the district court brought up in the bill of exceptions, it clearly appears, and counsel on both sides in their argument admit, that the decision below was based entirely upon a declaration of the court of appeals in *Bloom et al. v. West et al.*, 3 Colo. App. 212, in which it is said that the doctrine of the supreme court of this state laid down in *Strickler v. Colo. Springs*, 16 Colo. 61, where, *inter alia*, it was held that a water right originally applied to specific lands for irrigation could be segregated from that land, sold, and taken out at a different point, and applied to a different beneficial use, "is utterly repugnant to the idea of water as 'appurtenant' under any circumstances." The district court, therefore, held that under the allegation "together with all appurtenances thereto belonging" found in the complaint, the plaintiff could not introduce evidence that a water right was included with the land, and also held that it was improper to allow the desired amendment.

At the time of this ruling, the opinion in the case of *Arnett v. Linhart*, 21 Colo. 188, though handed down, probably was not reported, at least, not called to the attention of the trial court. In this case, this court, basing its ruling upon the *Strickler Case, supra*, says:

"Although a water right may be appurtenant to the land, it is the subject of property and may be transferred either with or without the land. *Strickler v. City of Colorado Springs*, 16 Colo. 61. Being therefore a distinct subject of grant, and transferable either with or without the land, whether a deed to land conveys the water right depends upon the intention of the grantor, which is to be gathered from the express terms of the deed; or, when it is silent as

to the water right, from the presumption that arises from the circumstances, and whether such right is or is not incident to and necessary to the beneficial enjoyment of the land."

Applying this doctrine to the case at bar, while the complaint in question does not, in terms, mention the water right, it clearly appears from the pleadings and the proofs of both parties that the grantor intended to transfer, and the grantee to receive a conveyance of, a water right along with the land. It was incident and necessary to the beneficial enjoyment of the land, and the latter was, as the defendant herself testifies, of no practical value for agricultural purposes without it. The circumstances attending the execution of the contract, the fact that the defendant was surrendering notes aggregating $3,822 in return for the conveyance of only a portion of the land covered by her trust deed, and the additional fact that the land itself without the water right was, in value, but a very small part of her claim, as well as the admission of both grantor and grantee themselves,—all show that it was the intention of both parties that the water right should pass with the land. We may go further, under the facts of the case, and safely say that the parties, in employing the language "together with all appurtenances," intended thereby to include the water right, and supposed they were doing so.

It should be observed that this is not a case where the grantor refuses to transfer a water right along with the land which he has agreed to convey, because the water right is not specifically mentioned in the contract; but it is a case where one entitled under a contract to a conveyance of land and a water right, seeks to avoid the contract, as made, not because the grantor refuses to convey all of the subject-matter of the grant; but on the technical ground that, in the complaint brought by the grantor to compel specific performance, he has not stated in direct terms that a water right was a part of the grant. This supposed defense, it should be said, seems not to have been in the mind of the

defendant at the time her answer was drawn, but was raised by the court during the trial when, upon cross-examination of one of plaintiff's witnesses, it appeared that a water right was a part of the subject-matter of the grant.

In this connection, we cite an able opinion of the supreme court of Wyoming, *Frank v. Hicks*, 35 Pac. Rep. 475, in which, in commenting upon *Bloom v. West, supra*, it is said that, although the conclusion of our court of appeals was right in the case before it, the declaration in its opinion that under no circumstances could a water right pass as an appurtenant to land was not only *dictum*, but that no such conclusion followed from the doctrine laid down by this court in the *Strickler* case, upon which the announcement in question was based, and that it was also contrary to all previous decisions. The writer of the opinion shows, and, as we think, conclusively, that, at the common law, a water right may pass in a deed to land " as incident or *quasi* appendant " thereto. If it be considered as incorporeal, it may pass as an "appurtenant;" if corporeal, as "part and parcel of the grant itself." And there is even more reason why the same doctrine should prevail in the states of the arid regions. In this announcement by the Wyoming tribunal, we concur; and, although said decision is not referred to in *Arnett v. Linhart, supra*, the doctrine of the latter case is to the same effect.

From this it follows that the district court erred in holding that a different contract was proved from that declared upon, and, under the conceded facts, it should have found, as the jury did, that the contract as declared upon was established by the proof in the case. If this were not so, still we are of the opinion, that since the defendant herself in the answer and in her testimony states that the contract did include a water right, she could not have been surprised,—and in truth does not claim that she was surprised,—at the plaintiff's evidence to the same effect, and the court therefore should have allowed, if the allegations of the complaint were not already sufficiently broad, an amendment, as asked by the ·

plaintiff at the time, to make the complaint correspond to the proof.   22 Am. & Eng. Ency. of Law, p. 1076, *et seq.*

There is no necessity for a new trial.   The record and the findings of the court clearly show that the contract provided for a conveyance by the plaintiff of 160 acres of land and the water right used in connection therewith; and it further appearing, without contradiction, that the defendant took possession, and, so far as appears from the record, still holds possession, of both, the judgment here will be that the cause be, and the same is hereby, remanded to the district court with instructions to order the defendant to cancel and surrender up the promissory notes in question to the plaintiff upon the production of a deed of conveyance from the plaintiff of said land and water right; and it is so ordered.

*Reversed.*

Mr. Justice Gabbert not sitting.