## [No. 3826.]
## KERR v. DUDLEY ET AL.

26 457
f27 62
27 63
26 457
31 170

1. WATER RIGHTS—APPELLATE PRACTICE—BILL OF EXCEPTIONS.

Under section 2429, Mills' Ann. Stats., providing that in appeals from adjudications of priority of water rights under the statute, only so much of the evidence as affects the ditches mentioned in the order of appeal need be copied into the bill of exceptions, the bill of exceptions must be certified by the trial judge as containing all the evidence in any manner affecting the ditches named in the order allowing the appeal, and in the absence of such certificate the court will decline to consider whether or not the decree is contrary to the evidence.

2. WATER RIGHTS—APPELLATE PRACTICE.

Where in an adjudication of water rights an appropriator has been awarded all to which he is entitled, both as to volume and time, he cannot on appeal complain of awards to others not affecting his rights, though they may have been erroneous, or based on insufficient evidence.

3. SAME.

On appeal from an adjudication of water rights it is too late to raise the objection that the referee failed to take the oath prescribed by statute, where no such objection was made below.

*Appeal from the District Court of La Plata County.*

Mr. D. W. AYERS, for appellant.

Mr. REESE McCLOSKEY, for appellees.

MR. JUSTICE GABBERT delivered the opinion of the court.

From what purports to be the record in this case, as presented by appellant, it appears that an adjudication of water rights under the general statutes on that subject has been had in that part of water district No. 30, taking water from Hermosa creek; that for this purpose a referee was appointed who heard the evidence, reduced it to writing, and returned the same into court, prepared an abstract thereof, and made his findings of fact thereon, together with a decree, fixing the respective priorities of the parties to this proceeding. To this report and decree appellant filed his exceptions, claiming that the awards to his own ditch and others in which he was interested, were injuriously affected by those made to other ditches taking water from the same stream. These exceptions were overruled, and the decree of the referee approved. Pending the preparation of his statement of appeal, appellant filed his petition for review of the decree, with additional evidence, under the provisions of section 2425, Mills' Ann. Stats., which he supplemented by affidavits. This application was denied. Subsequently he was allowed an appeal to this court, which evidently was limited to the original decree, by which it was intended to bring the case here for review, under the provisions of section 2437, Mills' Ann. Stats., but from the errors assigned and argued, it is apparent that counsel for appellant treats this appeal as, also, bringing here for review the action of the court in denying the petition. By the appeal, however, the only matter presented for our consideration, is the action of the court in overruling appellant's exceptions, and approving the decree, and we must, therefore, decline to pass upon questions argued relative to the order denying appellant's application for a review. The decree, as approved by the court, is challenged upon the ground that the evidence taken before the referee, and upon which it is based, is insufficient to sustain the awards made

to the ditches represented by appellees, and that under it, appellant was entitled to have more water awarded the ditches which he represents than was given him under the decree.

By section 2429, Mills' Ann. Stats., it is provided that only so much of the evidence as affects the ditches mentioned in the order allowing the appeal need be copied in the bill of exceptions. To the transcript filed by appellant, there is attached the certificate of the clerk, that it contains all the evidence of certain named witnesses. We will not attempt to determine all the formalities which must be observed in order to bring the evidence introduced below, properly before this court on an appeal of this character, when a decree is challenged upon the ground that it is contrary to the evidence. It is clear, however, that the transcript of the evidence heard below must be certified as containing all the evidence in any manner affecting the ditches named in the order allowing the appeal, and that a certificate to that effect must be signed and sealed by the trial judge. In no other way can this court be advised on the question of whether or not all the evidence necessary to consider on the appeal is properly before it, and in the absence of such certificate in this case, we might well decline to consider the question of whether or not the decree is contrary to the evidence, which the court must have considered below. Notwithstanding this objection, however, we have examined with care the transcript of what purports to contain the evidence upon which counsel for appellant relies in support of his proposition, that the decree is not warranted thereby; but in so doing we have not in any manner considered the statements in the petition for review, or affidavits filed in support thereof; for neither, under any circumstances, can be considered as evidence in the case, or in any manner affecting the decree. It would serve no useful purpose to quote this evidence at length, but it is sufficient to state, generally, that after a most careful examination, it is clear that appellant has been awarded all the rights which the evidence bearing upon that subject justify. It is contended by his counsel, that awards made to the ditches represented by ap-

pellees are not justified by the evidence. It is unnecessary to pass upon this question, for the simple reason, that as he has been awarded all to which he is entitled, both in volume and time, he cannot complain of awards not affecting his rights, even though they may have been erroneous, or based on insufficient evidence.

It is also claimed by counsel for appellant, that the referee failed to take the oath prescribed by statute, and that for this reason the proceedings should be set aside. No such objection was made below, and it is too late to raise it for the first time on appeal.

In conclusion, it is only just to counsel for appellant, to add, that he was not employed in this case until after the report of the referee was filed, and if we are justified in referring to the petition for review, or the affidavits in support thereof, for any purpose, it would be proper to suggest that it appears therefrom that, even if it be true that appellant has not been awarded his full rights, it is his own fault. According to his own statement, he gave the proceedings before the referee but little attention ; he names in his petition for review a witness by whom he claims he can establish his rights, whose whereabouts was unknown to him at the time the evidence was being taken before the referee. He made no effort, however, to obtain a continuance before the referee, for the purpose of securing the evidence of this witness, or even suggested that his evidence was material or necessary. The fact that he may have been ignorant of the necessity of taking such steps before the referee as would protect his rights against others, is not an excuse which we can consider in passing upon his appeal. An adjudication proceeding is not a mere idle ceremony, which parties whose rights are affected thereby, can disregard, except at their peril; and conceding that by proper attention to the matter, the rights of appellant might have been differently established, to his advantage, yet inasmuch as his own negligence with respect to his rights has led to the result of which he complains, the courts are powerless to grant him relief for this reason.

As to the parties before this court, the adjudication decree is affirmed, the cost of the appeal to be taxed to the appellant.

*Affirmed.*