[No. 3819.]

DAUM ET AL. v. CONLEY ET AL.

1. WATER RIGHTS—ADJUDICATION OF PRIORITIES—APPELLATE PRACTICE.

The method of taking an appeal from a proceeding adjudicating priorities of water rights, is prescribed by section 2427, Mills' Ann. Stats., and is an *ex parte* proceeding. On presentation of a statement by those desiring an appeal, if found to fulfill the requirement, the court makes an order, allowing the appeal and fixing amount of appeal bond. An order made at the time of entering the decree fixing a time within which an appeal might be perfected was a nullity, and the fact that an appeal was not perfected within the time so fixed could not affect parties' rights to appeal, as provided by statute.

2. SAME—TIME FOR PRESENTING STATEMENT.

Where a decree in a proceeding adjudicating water rights was entered April 22, a statement for appeal presented on July 13, following, was within a reasonable time.

3. SAME—TRANSCRIPT—TIME FOR FILING.

The time within which appellants are required by section 2429, Mills' Ann. Stats., to file a transcript of the record with the clerk of the appellate court begins with the day the appeal is granted.

4. WATER RIGHTS—ADJUDICATION OF PRIORITIES—APPELLATE PRACTICE—VERIFICATION OF STATEMENT.

In an appeal from a proceeding adjudicating water rights, the statement

of appeal may be verified by appellant's counsel upon good cause shown.

5. SAME—APPLICATION FOR REHEARING—WAIVER.

In a proceeding adjudicating water rights, a party by applying for a rehearing under the provisions of section 2425, Mills' Ann. Stats., does not thereby waive his right to an appeal.

6. APPELLATE PRACTICE—BILL OF EXCEPTIONS—DISMISSAL.

A failure to file a bill of exceptions is not ground for dismissing an appeal, as the appellant has a right to have the matters presented by the record proper determined.

7. WATER RIGHTS—FREEHOLD—JURISDICTION.

A water right is a freehold estate within the meaning of the statute regulating the jurisdiction of appeals to the supreme court.

8. APPELLATE PRACTICE—BILL OF EXCEPTIONS—WATER RIGHTS.

On an appeal from a decree adjudicating water rights in order to have considered affidavits filed by appellants in support of petitions for review, such affidavits must be incorporated in a bill of exceptions, signed and sealed by the trial judge.

9. SAME—EVIDENCE.

On appeal from a decree adjudicating water rights where only a portion of the evidence is certified by the clerk, it will not be considered unless it is also signed and sealed by the trial judge, as containing all the evidence affecting the ditches named in the order allowing the appeal.

10. SAME—RECORD.

On appeal from a decree adjudicating water rights objections and exceptions of appellants to the report of the referee filed under the provisions of section 2420, Mills' Ann. Stats., are a part of the record proper.

11. WATER RIGHTS—CONVEYANCES.

Whether or not a deed to land conveys a water right used upon such land, depends upon the intention of the grantor, to be determined from the terms of the deed, or when the deed is silent as to such water right, from the circumstances surrounding the transaction.

12. WATER RIGHTS—CONVEYANCES—PARTIES.

The transfer of a water right, to avoid the statute of frauds, should be in writing, signed by the party making it, but the objection that such transfer was not made in writing cannot be raised by those who were neither parties nor privies to the agreement.

*Appeal from the District Court of La Plata County.*

Mr. F. C. PERKINS and Messrs. TALBOT, DENISON & WADLEY, for appellants.

Mr. REESE McCLOSKEY, for appellees.

MR. JUSTICE GABBERT delivered the opinion of the court.

On November 27, 1894, under the statutes relating to the adjudication of water rights, proceedings were instituted in the district court of La Plata county for the purpose of adjudicating such rights in that part of water district No. 30 taking water from Elbert creek. The referee appointed heard the evidence and reported the same with his findings of fact and a decree fixing the respective priorities of the parties taking water from that stream. Subsequently, a time was designated by the judge within which exceptions to such report, findings and decree should be filed. Within that time Peter Daum and Frank Lochner, as the owners of the Daum ditch, filed their application for leave to introduce further evidence relative to the rights of their ditch, which was denied. Thereupon, these parties and Thurlow, Hutton & Williams, and R. C. Prewitt, as the owners of the Bishop ditch, filed their exceptions to such report, findings and decree, within the time fixed for that purpose, which were overruled and the decree confirmed, except that the amount of water awarded the Conley ditch was reduced. This was on the 22d day of April, 1897. On the 13th day of July following, the parties so excepting, filed and presented their petitions for review of the decree, with additional evidence, which was refused. It is claimed by appellants that these petitions are supported by affidavits, which are copied in what purports to be the transcript of record and bill of exceptions in the case. Thereafter, and on the same day, these parties presented *ex parte* their statement of appeal, upon which an order was made, allowing them an appeal to this court, in which order they were named as appellants, and the respective owners of the respective ditches named in their exceptions, and John Conley, as the owner of the Conley ditch, John A. Porter, as the owner of the Carson ditch, and J. W. Bowlen, as the owner of the Upper and Lower Bowlen ditches, were named as appellees. By this order the time within which appellants should file their appeal bond was

also fixed. They complied with this order, and thereafter, on the 3d day of January, 1898, filed with the clerk of this court a transcript of record and what they have designated a "bill of exceptions." This contains, over the certificate of the clerk of the district court, among other things, the decree and findings of the referee with respect to the ditches above named, which were adopted by the court save in the particulars mentioned, the objections and exceptions of appellants thereto, the order overruling the same and confirming the referee's decree, with the modification above noted, and, in the language of the certificate, "all evidence relating to the Conley ditch, the L. Carson ditch, the Bishop ditch, the Bowlen Lower ditch, the Bowlen Upper ditch and the Peter Daum ditch (omitting exhibits)."

None of the appellees have appeared in this court, except Conley, who moves to dismiss the appeal upon various grounds, but we will only notice those argued.

1. Because no appeal was perfected within the time limited by the court at the time of entering the decree, nor was an appeal bond filed within the time fixed therefor, and because no transcript of the record or bill of exceptions was filed with the clerk of this court within six months after the allowance of the appeal.

2. Because the statement of appeal is not verified by either of the parties praying for the appeal.

3. Because the appellants waived their appeal by appearing and filing a motion for review, under sec. 2425, Mills' Ann. Stats., and are attempting to take one appeal from two separate and distinct actions.

4. Because no bill of exceptions has been filed, nor was an exception to the decree preserved.

The first ground of dismissal is insisted upon because appended to the order confirming the report of the referee as modified, is a statement to the effect that appellants gave notice of their intention to appeal to this court, and upon request for time within which to perfect it, were given ninety days for that purpose, and not having filed their bond within

that time, and later having been granted *ex parte* sixty days
from July 13, 1897, the date upon which they presented the
statement of appeal, within which to file such bond, that this
order is void.

The method of taking appeals in matters of this character
is regulated by sec. 2427, Mills' Ann. Stats.   By this section
obtaining an order allowing an appeal is an *ex parte* proceed-
ing.   On the presentation of a statement by those desiring
an appeal, if the court or judge finds it fulfills the require-
ments, an order is made allowing it, and fixing the amount
of the appeal bond.   This was the course pursued by appel-
lants.   When their statement was presented and the appeal
allowed, time within which to file a bond was fixed.   This
was the only way in which, under the statute, they could
obtain an order allowing an appeal, and the recital in the
order on the referee's report, that they were given ninety
days in which to perfect their appeal, was without any effect.
In this connection it is urged that unless parties appealing
from a decree of this character are required to pray an appeal
at the time of its rendition, and have time fixed within which
to perfect it, there is no limitation imposed upon the time
when it may be taken.   There is undoubtedly a limit within
which appeals of this character can be prosecuted.   Section
2427 *supra* is silent on that question, but impliedly it must be
limited to some period with respect to the date of the decree,
either by some other provision of the statute, or to a reason-
able time after that date.   The final order on the decree was
April 22.   July 13, following, the statement of appeal was
presented.   There is no express provision of the act from
which it can be inferred that the right to an appeal within
that time was barred, and the statement was certainly pre-
sented within a reasonable length of time after the rendition
of the decree.   The period within which appellants were re-
quired to lodge their transcript of record with the clerk of
this court would begin with the date their appeal was granted,
and as they filed such transcript within the period provided
by section 2429, Mills' Ann. Stats., they were not in default
in this respect.

The statement of appeal was verified by counsel for appellants, and for this reason it is claimed to be insufficient. Section 2427, *supra*, does not direct by whom the statement of appeal shall be verified.' It merely says it shall be. This is not equivalent to directing that it must be by appellants or some one of them; ordinarily, a pleading should be verified by the party presenting it, but this rule is not inflexible, for the verification of another may be substituted when good cause is shown therefor. *Byrne v. Alas*, 68 Cal. 479; *Will v. Lytle Creek Water Co.*, 34 Pac. Rep. 830; 1 Ency. Pl. & Pr. 326, n. 1. The statement is verified by two counsel for appellants, who state that the allegations therein are true of their own knowledge, and that they make the verification on behalf of their respective clients, because they are more familiar with the facts than they are. This showing is sufficient.

Appellants, by availing themselves of the provisions of section 2425, Mills' Ann. Stats., in applying for a rehearing and review of the decree, have not waived their right to an appeal. That is a method by which the relief they now seek in this proceeding, might have been obtained in the court below; but failing in that, the right of an appeal from the decree could still be exercised. It is also contended that they are appealing from both the order denying a review and the decree. The appeal is only from the latter.

It is urged there is no bill of exceptions in this case, for the reason that what purports to be such is not signed by the trial judge ; that no exception has been saved to the judgment, because the recital in the order affirming the referee's decree that appellants accepted, does not preserve an exception. Neither of these grounds is sufficient to work a dismissal of the appeal. If appellants have no bill of exceptions, or have preserved no exception to the judgment, they would still have the right to have such matters determined as might be presented by the record proper. The motion to dismiss is denied.

Appellee also moves to transfer this cause to the court of appeals. . A water right is a freehold estate, within the mean-

ing of the statutes regulating the jurisdiction of appeals to this court, and as the title to water rights is involved in this case, this court has jurisdiction. *Wyatt et al. v. Larimer & Weld I. Co.*, 18 Colo. 298. The motion to transfer is overruled.

Appellee also moves to strike out from what purports to be the bill of exceptions, all the evidence therein transcribed, and also specific parts thereof. It is unnecessary to pass on this motion, because we cannot consider any of the evidence brought here by appellants for the purpose of determining whether or not the decree should be sustained. Neither can we for this purpose consider the affidavits filed by appellants in support of their petitions for review, with additional evidence (*Kerr v. Dudley*, 26 Colo. 457), for such affidavits would not be evidence. On an appeal of this character the action of the trial court in refusing such petitions might be reviewable, not because by such an appeal one is taken directly from such order, but for the reason that on an appeal from a decree, all antecedent proceedings might be brought up for review. In order, however, to have such affidavits considered for any purpose, it would be necessary to have them incorporated in a bill of exceptions, signed and sealed by the trial judge, for they are no part of the record proper. Counsel for appellants claim that under the statute regulating the adjudication of water rights, the evidence taken and preserved by the referee becomes a part of the record in the case, and that under the provisions of section 2429, Mills' Ann. Stats., only so much of the evidence as affects the ditches mentioned in the order allowing the appeal need be certified to this court. We will not determine whether the evidence as preserved in this case is a part of the record or not. Granting that it is, then where only a portion of such evidence is certified by the clerk, it cannot be considered unless it also is signed and sealed by the trial judge, as containing all the evidence affecting the ditches named in the order allowing the appeal. *Kerr v. Dudley, supra.*

It is claimed that the certificate of the clerk takes it out.

of the rule announced in *Kerr v. Dudley, supra,* because it refers to specific ditches. It will be noticed that this certificate expressly states that it omits exhibits relating to these ditches, from which it is apparent that all the evidence relating to them is not here; and again, the certificate of one whose duties are purely clerical cannot be substituted for that of the trial judge, whose function in this respect would be judicial.

Appellee also moves to strike out the objections and exceptions of appellants to the report of the referee. These were filed under the provisions of section 2420, Mills' Ann. Stats. and are part of the record proper, so that the motion to strike them must be denied.

It appearing from the steps taken by appellants that by filing such exceptions and objections, they have excepted to the decree, the only question presented is, whether or not the record proper discloses any errors of which they can complain. The decree directed by the court embraces findings of fact and conclusions of law as to the respective ditches, and is also a part of the record. From this source it appears that with respect to the Daum ditch, the referee concluded (which was affirmed by the court), that because the conveyances through which appellants, as the claimants of water rights in the stream, through this ditch, obtained title to the lands upon which the water originally appropriated was used, made no express mention of either ditch or water rights, and there being no separate transfer of such rights, that therefore appellants, Daum and Lochner, took no title to such water rights by the deeds in question, and their priority was limited to the time when they commenced to construct a ditch to use water from the stream for the purpose of irrigating these lands. For similar reasons, it was also held that the remaining appellants, as the owners of the Bishop ditch, acquired no rights to the original appropriation of water from the stream upon the lands which they now own, and in addition thereto, that because it appeared that while these lands were unsurveyed, one who had utilized water

from the stream to irrigate them, and had subsequently abandoned them, turning over his improvements to another, in payment of a debt, who subsequently sold the ditch and water right to a remote grantor of the lands of these appellants, and that such sale may have been oral, that such grantor obtained no title to such water rights by reason of these transfers. Each of these conclusions was erroneous. A water right is a distinct subject of grant, and may be conveyed separate and apart from the land upon which it is utilized; but nevertheless, whether a deed to such land conveys such right depends upon the intention of the grantor, to be determined from the terms of the deed, or, when the latter is silent as to such right, from the circumstances surrounding the transaction. *Arnett v. Linhart*, 21 Colo. 188; *Gelwicks v. Todd*, 24 Colo. 494; *Travelers' Ins. Co. v. Childs*, 25 Colo. 360. Applying this doctrine, the mere fact that the deeds through which the respective appellants obtained title to their lands made no mention of water rights then in existence, which had been utilized upon these lands, was not conclusive proof that they had not succeeded to these rights, as, in the absence of any express declaration in the deeds regarding them, whether or not they were conveyed should have been determined from the circumstances connected with the transactions, as indicated in the authorities above cited.

The transfer of a water right, in order to avoid the statute of frauds, should be in writing, signed by the party making it; but a stranger to such an agreement cannot object that it was not so evidenced. That question is purely personal, and cannot be raised by those who were neither parties nor privies to the agreement. *Chicago Dock Co. v. Kinsie*, 49 Ill. 289; *Wood v. Lowney*, 50 Pac. Rep. 794; *McDonald v. Lannen*, 47 Pac. Rep. 648. There may be an expression in *Burnham v. Freeman*, 11 Colo. 601, which would indicate that an interest in realty cannot pass by a mere verbal sale, even as against those who were not parties to such a transfer. An examination of that case discloses that this question was not involved, and that the suggestion was not pertinent to a determina-

tion of the case, or in any manner applicable to any question presented, but was used as an illustration by way of argument. The fact, therefore, that remote grantors of the present owners of the Bishop ditch may have transferred their improvements to the lands now owned by these parties by parol, was not conclusive that the water rights which they had acquired by use of water on these lands were not transferred, or that the claimants thereof through this ditch had not succeeded to them, because neither of the appellees, nor their predecessors in interest, were parties or privies to such verbal sales, or if those who originally appropriated the water, which appellants as claimants through the Bishop ditch now claim, transferred their interest to those from whom these claimants acquired theirs, appellees cannot be heard to raise any question regarding the validity of such transfers.

As the trial judge appears to have entertained erroneous views regarding the transfer of water rights, it is apparent that in fixing the priorities of appellants no consideration was given to the use of water on their lands through their respective ditches, by those who originally appropriated water from the stream for that purpose, or the use thereof by certain persons who later applied it to these lands. From the findings in the decree, had these matters been considered, the respective priorities of appellants and appellees might have been relatively different, and to the advantage of the former, both in time and volume. For this reason, the decree as to the parties before the court on this appeal is set aside, and the cause remanded for further proceedings. The costs of the appeal will be taxed to the appellees *pro rata*.

*Decree vacated and cause remanded for further proceedings.*