# September Term, 1902.

[No. 2131.]

THE AMERICAN NATIONAL BANK OF DENVER v.
HOEFFER.

1. **Conveyances—Easements—Water Rights.**

An easement such as the right to use an irrigating ditch to carry water for the purpose of irrigating land will pass as an appurtenance to the land without specific mention in the deed if such was the intention of the grantor, and the deed being silent such intention may be gathered from the presumptions arising from the circumstances surrounding the transaction.

2. **Same.**

A owned two separate tracts of land and constructed a ditch across one tract to carry water for the purpose of irrigating the other. A conveyed both tracts to S but by separate deeds and at different times and without specific mention of the ditch. S conveyed the tract irrigated by the ditch to H, and several years later conveyed the land across which the ditch was constructed to plaintiff, and H conveyed with all appurtenances the tract so irrigated to defendant. None of the deeds specifically mentioned the ditch. During the ownership of A, S and H the ditch was continuously, openly and visibly used to irrigate the land passed to defendant. Held, that the circumstances surrounding the conveyances raised a reasonable presumption that it was the intention of each of the grantors to convey the easement in the ditch, and under such presumption defendant was the owner of such easement, and that it was error to enjoin defendant from using the same.

*Appeal from the District Court of Arapahoe County.*

Mr. T. J. O'DONNELL and Mr. MILTON SMITH, for appellant.

GUNTER, J.

Arnett owned south half of northwest quarter, section 8, also lands in section 7. Having water

rights in a canal just east of section 8, for the purpose of applying them in irrigating his land in section 7, he constructed a ditch across the south half of northwest quarter section 8, connecting the canal and the land in section 7, and used it in irrigating last mentioned land. Thereafter he conveyed the land in section 8 to Sullivan, retaining the land in section 7. During the year the ownership of the land was thus held, Arnett, without objection from Sullivan, continued the use of the ditch on section 8 in irrigating the land in section 7. Arnett thereafter conveyed the land in section 7 with its appurtenances to Sullivan, thus uniting in Sullivan the ownership of lands in sections 7 and 8. During his holding of the tracts Sullivan continued to use the ditch in section 8 in irrigating from the canal the land in section 7. Sullivan, July 1891, conveyed the land in section 7 with its appurtenances to Hughes. The latter, throughout the irrigating seasons from 1891 to July 1895 inclusive continued without objection on the part of the owner of the land in section 8, to use the ditch thereon in irrigating his land in section 7. February 1896 defendant succeeded Hughes in the ownership of the land in section 7 and its appurtenances. During the irrigating seasons of 1896 and 1897 defendant has used the ditch in section 8 in irrigating the land in section 7.

Plaintiff, in 1894, succeeded Sullivan in the ownership of the south half of northwest quarter of section 8.

Defendant claimed the right to flow water through the ditch in section 8. This right plaintiff denied, and this action was to enjoin defendant from so using the ditch. Plaintiff had judgment below; defendant appealed.

No appearance here by plaintiff.

An easement such as the one in question may

pass as an appurtenance to the dominant estate with-out specific mention in the deed conveying such es-tate. It does so pass provided such was the intention of the grantor. The deed being silent such inten-tion is gathered from the presumptions arising from the circumstances surrounding the transaction.—*Ar-nett v. Linhart,* 21 Colo. 188, 40 Pac. 355; *Frank v. Hicks,* 4 Wyo. 502, 35 Pac. 475; *Gelwicks v. Todd,* 24 Colo. 494, 52 Pac. 788; *Travelers' Ins. Co. v. Childs,* 25 Colo. 360, 54 Pac. 1020.

Arnett constructed the ditch in question for ir-rigating the land in section 7 and so used it. During his ownership of the land in section 7 this ditch was a visible, continuous and reasonably necessary appur-tenance to the land in section 7. So it was during the ownership of Sullivan and Hughes respectively. Al-though there is no specific mention of this ditch in their respective deeds it is a reasonable presumption from the facts surrounding the deeds of the respec-tive grantors that each of them intended to convey, and did convey, the easement in question. Under this presumption defendant is the owner of the easement in question and the court below erred in enjoining it from using the same.

In addition to above authorities, supporting this conclusion, are *Toothe v. Bryce,* 50 N. J. Eq. 589; *Howell v. Estes,* 71 Tex. 690; *Baker v. Rice,* 56 Ohio St. 463; *Sanderlin v. Baxter,* 76 Va. 299; *Spencer v. Kilmer,* 151 N. Y. 390.

Let the judgment below be reversed.

*Reversed.*