Gunter, J.
Arnett owned south half of northwest quarter, section 8, also lands in section 7. Having water *54 rights in a canal just east of section 8, for the purpose of applying them in irrigating his land in section 7, he constructed a ditch across the south half of northwest quarter section 8, connecting the canal and the land in section 7, and used it in irrigating last mentioned land. Thereafter he conveyed the land in section 8 to Sullivan, retaining the land in section 7. During the year the ownership of the land was thus held, Arnett, without objection from Sullivan, continued the use of the ditch on section 8 in irrigating the land in section 7. Arnett thereafter .conveyed the land in section 7 with its appurtenances to Sullivan, thus uniting in Sullivan the ownership of lands in sections 7 and 8. During his holding of the tracts Sullivan continued to use the ditch in section 8 in irrigating from the canal the land in section 7.. Sullivan, July 1891, conveyed the land in section 7 with its appurtenances to Hughes. The latter, throughout the irrigating seasons from 1891 to July 1895 inclusive continued without objection on the part of the owner of the land in section 8, to use the ditch thereon in irrigating his land in section 7. February 1896 defendant succeeded Hughes in the ownership of the land in section 7 and its appurtenances. During the irrigating seasons of 1896 and 1897 defendant has used the ditch'in section 8 in irrigating the land in section 7.
Plaintiff, in 1894, succeeded Sullivan in the ownership of the south half of northwest quarter of section 8.
Defendant claimed the right to flow water through the ditch in section 8. This right plaintiff denied, and this action was to enjoin defendant from so using the ditch. Plaintiff had judgment below; defendant appealed.
No appearance here by plaintiff.
An easement such as the one in question may *55 pass as an appurtenance to the dominant estate without specific mention in the deed conveying such estate. It does so pass provided such was the intention of the grantor. The deed being silent such intention is gathered from the presumptions arising from the circumstances surrounding the transaction. — Arnett v. Linhart, 21 Colo. 188, 40 Pac. 355; Frank v. Hicks, 4 Wyo. 502, 35 Pac. 475; Gelwicks v. Todd, 24 Colo. 494, 52 Pac. 788; Travelers’ Ins. Co. v. Childs, 25 Colo. 360, 54 Pac. 1020.
Arnett constructed the ditch in question for irrigating the land in section 7 and so used it. During his ownership of the land in section 7 this ditch was a visible, continuous and reasonably necessary appurtenance to the land in section 7. So it was during the ownership of Sullivan and Hughes respectively. Although there is no specific mention of this ditch in their respective deeds it is a reasonable presumption from the facts surrounding the deeds of the respective grantors that each of them intended to convey, and did convey, the easement in question. Under this presumption defendant is the owner of the easement in question and the court below erred in enjoining it from using the same.
In addition to above authorities, supporting this conclusion, are Toothe v. Bryce, 50 N. J. Eq. 589; Howell v. Estes, 71 Tex. 690; Baker v. Rice, 56 Ohio St. 463; Sanderlin v. Baxter, 76 Va. 299; Spencer v. Kilmer, 151 N. Y. 390.
Let the judgment below be reversed.

Reversed.