[No. 4341.]

MEANS v. GOTTHELF.

1. **Water Rights—Adjudication of Priorities—Res Judicata—Appellate Practice—Abstract of Record.**

On appeal from a statutory proceeding adjudicating priorities of water rights a contention that the same priorities of right adjudicated and determined by the decree appealed from were adjudicated and determined by a former decree in the same water district, will not be considered where neither the decree appealed from, nor the former decree, nor the proceedings in which it was pronounced appear in the abstract of the record.

2. **Same Evidence—Bill of Exceptions.**

On appeal from a statutory proceeding adjudicating priorities of water rights, an objection that the evidence is not sufficient to uphold the findings and decree will not be considered where the bill of exceptions is not certified by the judge as containing all the evidence affecting the ditches in controversy.

*Appeal from the District Court of Saguache County.*

Mr. JOHN W. DAVIDSON, for appellant.

Mr. W. E. COX, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is an appeal from a decree of the district court of Saguache county rendered in a special statutory proceeding, the object of which was to obtain an adjudication establishing petitioner's right to water for irrigating meadow land, through certain ditches taking their supply from Saguache creek, which theretofore had been enjoyed by him as the result of the natural overflow of the stream.—Mills' Ann. Stats., sec. 2268. A number of errors have been as-

signed, but the only one argued by counsel for appellants is that the evidence is not sufficient to sustain the decree.

The evidence was taken by a referee who made findings of fact and reported a decree, and upon final hearing these findings were approved, and the decree recommended was made the decree of the court. The specific contention of counsel for appellants, as we understand it, is that in a former statutory proceeding, in the same water district, whose object was to establish the priority of rights therein to the use of water for irrigation, to which petitioner was a party participating, a general decree was made which, *inter alia,* awarded to him a priority for the same rights which he is here asserting; and that the object of the pending proceeding is not what the petition declares, but, under the guise of seeking to secure by judicial decree through the medium of ditches that which theretofore he has enjoyed as a result of the natural overflow of a stream, in reality petitioner is attempting to have enlarged and extended the identical rights given him by such former decree, to the injury of the decreed rights of respondents. And this attempt, they say, should fail, *first,* because the time for a reexamination or review of such former decree, which measures the rights of these parties, expired before the pending application was made; *second,* the evidence herein taken is not sufficient to uphold the findings of fact or the decree here attacked.

The appellant is not in a position to be heard upon these objections. Neither the decree sought to be reviewed, nor the former decree, nor the proceedings in which it was pronounced, have been abstracted, and appellants, therefore, cannot expect us to guess as to their provisions. If, however, such failure to comply with our rules of practice be disregarded, or waived, there is no such bill of exceptions

as would permit of an examination of the general objection which appellant makes to the sufficiency of the evidence. While only so much of the evidence as affects the ditches mentioned in the order allowing an appeal under these statutory proceedings need be copied in the bill of exceptions, this bill, nevertheless, must be certified to by the judge as containing all the evidence in any manner affecting them.—*Kerr v. Dudley,* 26 Colo. 457. This was not done. This doctrine was affirmed in *Daum et al. v. Conley,* 27 Colo. 56.

Since it does not appear that all of the evidence affecting these ditches has been incorporated in the transcript, and certainly the abstract does not disclose it, we are precluded from entering upon the investigation solicited. There are other serious objections to the maintenance of this appeal, but as we are unable with the record before us to determine the only question argued, they need not be considered. The appeal, therefore, should be dismissed.

*Appeal dismissed.*