[No. 4455.]

THE BESSEMER IRRIGATING DITCH COMPANY v. WOOLLEY ET AL.

1. **Pleading—Quieting Title—Possession.**

In an action to quiet title an answer which alleges owner-

ship and possession in defendant is a denial of plaintiffs' allegation of possession.

**2. Quieting Title—Possession—Injunction—Equity Jurisdiction.**

Where one of the objects of an action was to enjoin defendant from interfering with plaintiffs' use of water rights, this was sufficient to invoke the equitable jurisdiction of the court, and having obtained jurisdiction of the subject-matter for that purpose it could decide all of the questions in the case and grant appropriate relief, and could enter a decree quieting plaintiffs' title without proof of plaintiffs' possession.

**3. Water Rights—Conveyances—Appurtenances.**

Whether or not a water right used to irrigate land passes as an appurtenance to the land by a conveyance of the land which is silent as to the water right, depends upon the intention of the grantor which must be determined by the circumstances of the case and whether or not the water right is or is not incident and necessary to the beneficial enjoyment of the land, and in the absence of a showing of such intention such water right will be held not to pass as an appurtenance.

**4. Pleading—Denials.**

A defective special denial does not control a good general denial.

**5. Pleading—Denials.**

A general denial of each and every allegation of a complaint not theretofore specifically admitted puts in issue every allegation not expressly admitted, and the fact that some of the allegations were by reason of defective special denials impliedly admitted, would not except such allegations from the general denial so as to relieve the plaintiff from the necessity of introducing proof thereof.

**6. Same—Water Rights—Conveyances.**

Where a conveyance of land was silent as to water rights and in an action by the grantee to establish title to water rights he alleged that it was the intention of the grantor to convey said water rights, and that said water rights were used upon the lands conveyed and were necessary and essential to the complete enjoyment of the same; and the answer specifically denied the allegations by defective denials, some of which were mere negative pregnants and others conjunctive denials of conjunctive allegations, but in addition was a general denial of each and every allegation not theretofore specifically admitted; in the absence of objection to the defective denials or motion to make them more certain, the general denial was sufficient to put in issue the

allegations of the grantor's intention to convey the water rights so as to require plaintiff to introduce proof of such allegations.

7. **Conveyance—Mortgages — Habendum Clause—After-acquired Property.**

A deed of trust in which the habendum clause reads as follows: "To have and to hold the same * * * and all the estate, right, title, interest, claim or demand in and to the same, either now or which may hereafter be acquired," does not grant any after-acquired property, but merely confirms in the grantee any title to the property specifically conveyed which the grantor might afterwards acquire. Such clause could not operate to convey a water right afterwards acquired and applied to the land conveyed.

8. **Appellate Practice— Decrees — Objections —Assignment of Cross-errors.**

An appellee cannot object in the appellate court to a decree in appellant's favor, on the ground that appellant, who was defendant below, did not in its answer set up any cross-complaint nor ask for affirmative relief, where such objection was not raised in the lower court and no cross-errors are assigned in the appellate court.

*Appeal from the District Court of Pueblo County.*

Messrs. DEVINE & DUBBS, for appellant.

Messrs. TELLER & DORSEY and Mr. M. J. BARTLEY, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Action to enjoin interference with irrigating ditches and water rights.

The subject-matter of the controversy is the Cape Horn Ranch Ditch and the Wheel Ranch Ditch and their accompanying water rights. The general purpose of the action is twofold: to enjoin the defendant from using the same, and to quiet plaintiffs' title, and the complaint contains every allegation that would be necessary in a bill to quiet title to these properties and to enjoin wrongful use of them. The

answer alleges possession and ownership in defendant and asks to have the action dismissed. The court quieted title in plaintiffs as to the Cape Horn Ranch Ditch and enjoined defendant from making use of it, and as to the Wheel Ranch Ditch quieted title in defendant and restrained plaintiffs from interfering therewith. Charles Cecil Campion is the common source of title. The plaintiffs claim as purchasers at a trustee's sale of lands to which, they say, the ditches and water rights are appurtenant, which sale was conducted under a foreclosure of a trust deed executed by Campion to the trustee to secure the indebtedness of the grantor. The defendant claims title to the ditches and water rights, separate from the lands, under a subsequent grant direct from Campion specifically describing them.

The first point made by the appellant (defendant below) is that plaintiffs did not show possession, and as this action was brought under section 255 of the code, which requires that the plaintiff be in actual possession when the suit begins, the action fails. The plaintiffs (appellees here) say that their allegation of possession in the complaint was not denied. In this they are mistaken, for the answer specifically alleges ownership and possession in the defendant, and this, in effect, is a denial of possession in plaintiffs, hence they were put upon their proof. If this were merely an action to quiet title, and nothing else, it might be, under our former decisions, that this lack of proof would be fatal to plaintiffs' case, but we cannot say that this was even the principal object of the suit. One, if not its principal, object was to enjoin defendant from interfering with plaintiffs' use of water rights. The court certainly had cognizance of this as an independent ground of equitable jurisdiction, and having obtained jurisdiction of the subject-matter for this purpose, was at liberty to decide all of

the questions in the case and grant appropriate relief. In *Gutheil Park Inv. Co. v. Town of Montclair, ante,* p. 420, decided at this term, the same question was raised and passed upon and the reasons given for our conclusion, which need not be repeated here.

The trust deed and the trustee's deed contained a specific description of certain lands which the plaintiffs claim were the lands for the irrigation of which the water rights in question were originally appropriated and for which they had been continuously used and to which they became appurtenant, and were directly necessary and essential to the full enjoyment thereof, and without which the lands in question would be of little, or no, value. Neither in the granting clause, nor elsewhere in these instruments, were these water rights or ditches, as such, described, or in any way referred to. Plaintiffs (appellees here), however, maintain, and this is the main question in the case, that since the deeds were silent respecting the water rights and no reservation thereof was made by the grantor, the ditches and water rights necessarily passed as appurtenances to the lands which were specifically described in the instruments of conveyance. In support of this contention, they cite a number of cases from courts of the so-called arid states, where the doctrine of appropriation prevails, as well as from the states where the common-law rule of riparian ownership obtains, to the effect that a grant of a principal thing, in the absence of an express exception or reservation in the instrument of conveyance, perforce carries with it as an appurtenance whatever is in existence at the time and is directly necessary and essential to the principal thing granted.

It is unnecessary to dwell upon these cases. Learned counsel for plaintiffs are surely not unaware that this court has repeatedly announced a different

rule for this jurisdiction, although in their briefs
counsel ignore them, and apparently suppose that
their comment upon the authorities of our sister states
and their elaborate discussion of the proposition will
lead this court to overturn its own previous decisions.
The rule was first clearly announced by Mr. Justice
Goddard in *Arnett v. Linhart,* 21 Colo. 188, in this
language:

"Although a water right may be appurtenant to
the land, it is the subject of property and may be
transferred either with or without the land.—*Strick-
ler v. City of Colorado Springs,* 16 Colo. 61. Being
therefore a distinct subject of grant, and transfer-
able either with or without the land, whether a deed
to land conveys the water right depends upon the
intention of the grantor, which is to be gathered from
the express terms of the deed; or, when it is silent as
to the water right, from the presumption that arises
from the circumstances, and whether such right is or
is not incident to and necessary to the beneficial
enjoyment of the land."

This case was followed in *Gelwicks v. Todd,* 24
Colo. 494; *Insurance Co. v. Childs,* 25 Colo. 360;
*Daum v. Conley,* 27 Colo. 56; *King v. Ackroyd,* 28
Colo. 488; and is now *stare decisis* with us. We are
satisfied with it and again approve it. In the opinion
in *Gelwicks v. Todd, supra,* was cited *Frank v. Hicks,*
4 Wyo. 502. Appellees place their main reliance
apparently upon this case, which they say declares
that, in the absence of a direct exception or reserva-
tion in a deed of lands in irrigating which water
rights have been used, the water rights necessarily
pass as an appurtenance. Our reference to the case
was only to the point that a water right might, in
certain circumstances, pass as an appurtenance.
Whether or not it does pass in this state depends upon
the intention of the grantor, which is to be ascertained

in accordance with the rule laid down in the Arnett case. In this connection it is not inappropriate to remark that in the Wyoming case the "entire property" of the mortgagor, both that then owned and all of the same kind thereafter acquired, was included in the mortgage, and the decision of the court might well have been put upon the ground that the proof showed that the mortgagor intended to pass the water rights with the land.

There was no evidence whatever on the trial below as to the intention of plaintiffs' grantors with reference to the water rights. The deed was entirely silent as to them. The intention of the grantor, then, must be gathered, if at all, from the circumstances of the case, and whether the water rights are, or are not, incident and necessary to the beneficial enjoyment of the land. In the absence of such showing we are constrained to say, upon the record now before us, that under the established doctrine in this state the water rights did not pass to plaintiffs as appurtenances to the lands which were the subject of the grant.

But appellees' counsel say that, though there was no evidence offered at the trial as to the intention of their grantor, there were in the complaint allegations of intention to convey the water rights, and that they were used upon, and were directly necessary and essential to the complete enjoyment of, the lands, and that these allegations are not denied by the answer, and therefore it was not necessary to introduce evidence to prove what was not denied. Some of the denials are a species of negative pregnant, others conjunctive denials of conjunctive allegations. In these respects the answer was faulty. A careful examination of its contents discloses, however, that, in addition to these defective denials, there was a general denial of each and every allegation of the complaint not theretofore specifically admitted, and there are affirmative allega-

tions in effect negativing these allegations of the complaint which plaintiffs insist were admitted. An admission that is involved in a denial which is nothing but a negative pregnant is certainly not a specific, and nothing more than an implied, admission. The general denial, therefore, put in issue everything not specifically admitted, and those allegations of the complaint we are now considering stand denied. A defective special denial does not control a good general denial.—*Porter v. Grady*, 21 Colo. 74, 76. The authorities are not unanimous as to whether a general denial of all allegations not otherwise admitted is good; but probably the weight of authority is in its favor.—1 Enc. Pl. & Pr. 802 *et seq.*

If we believed that this answer was drawn for the purpose of evasion, or that its attempted denials were not made in good faith, we would be inclined to enforce the strictest rules of construction against the pleader; but we do not find indications of any such improper motive. If it is indefinite and uncertain what facts in the complaint are, and what are not, denied, the plaintiffs, by a motion to make more specific and certain, might have had the defects corrected.—Bliss on Code Pleading (3 ed.) §§ 425, 331, 332. This was not done, and it would appear from the record that no objections on ground of defective denials were made or relied upon at the trial, but that, in this connection, the legal proposition which we have hereinbefore discussed was the one, and the only one, brought to the attention of the trial court. So that, notwithstanding the admitted imperfections of the denials of the answer, it was incumbent upon plaintiffs, by competent evidence, to establish the controverted allegations of the complaint as to the intention of their grantor, and the use, character and necessity of the alleged appurtenances, because such proof was essential to their cause of action.

The Wheel Ranch Ditch was not in existence, and no appropriation of the water right used in connection therewith was made, at the time of the execution of the trust deed, though such ditch was constructed and water therefrom applied to the lands in question before the issuance of the trustee's deed. The court held that it was not the intention of the grantor in the trust deed to pass this ditch and water right as an appurtenance to the land, but that they passed by the deed of conveyance from Campion to the defendant; hence title was adjudged to be in the defendant, and plaintiffs were perpetually enjoined from interfering with its use of the same.

The plaintiffs claim title to this subsequently constructed ditch and appropriated water right by virtue of the language of the *habendum* clause of the trust deed, which reads: ''To have and to hold the same, with all the privileges thereunto belonging or in any wise appertaining, and all the estate, right, title, interest, claim or demand in and to the same, either now or which may hereafter be acquired, unto the said grantee, his heirs and assigns.'' The appellees argue that this is equivalent to an after-acquired property clause, which is familiar in connection with mortgages, and cite the case of *Frank v. Hicks, supra,* as authority for the proposition that this after-acquired property was impressed with the lien of the trust deed. In that case the intention of the mortgagor was to include its ''entire property,'' both that in existence at the time and all like property thereafter acquired, and the intention was manifested in the granting clause of the mortgage. This *habendum* clause does not purport to be a grant of any after-acquired property, but merely to confirm in the grantee any estate or title in and to the lands specifically granted which the grantor might thereafter acquire. In other words, the grantor said that if he

should thereafter acquire any further estate or title in and to the lands conveyed, such future acquisition should inure to the benefit of the grantee. Authority for such construction is hardly necessary, but in *Manning v. Smith*, 6 Conn. 288, the court says: "It is the office of the *habendum* sometimes to enlarge the *estate* granted, but never to extend *the subject-matter* of the grant." And in 2 Greenleaf's Cruise on Real Property, 349, it is said that: "*Nothing can be limited in the habendum of a deed, which has not been given in the premises:* because the premises being the part of a deed in which the thing is granted, it follows that the *habendum,* which is only used for limiting the certainty of the estate, cannot increase the gift; for in that case the grantee would in fact take a thing which was never given to him."

Appellees further object to the form of the decree quieting title to the Wheel Ranch Ditch in defendant, because the answer contains no cross-complaint, and does not ask for affirmative relief. Under the chancery practice, before the adoption of our code of procedure, a defendant seeking specific relief in a suit in chancery must do so by cross-bill, and must state the grounds upon which he relies for affirmative relief with the same strictness required of the plaintiff in the original bill. The same practice, it is said, prevails under the code. In *San Juan, etc., M. Co. v. Finch,* 6 Colo. 214, 223, the court said that "a defendant who becomes *pro hac vice* complainant, must, in his cross-bill, set forth the grounds relied upon for affirmative relief with the same strictness as the complainant in his original bill," citing *Tucker et al. v. McCoy,* 3 Colo. 286. Appellees, however, are not in a position to complain of that part of the decree granting affirmative relief, even if, under an appropriate pleading with a proper prayer, it was wrong

to give it.  Such objection seems not to have been raised below, and although plaintiffs excepted to that part of the decree, they have not assigned cross-errors here, though they have argued the point.

Our conclusion is that that portion of the decree of the trial court in favor of the defendant as to the Wheel Ranch Ditch and water right is correct and should be affirmed, and no further proceedings with reference thereto should be had.  That part of the decree in favor of plaintiffs as to the Cape Horn Ranch Ditch and water right is wrong, and should be reversed.  The cause is, therefore, remanded to the district court with instructions to vacate that portion of its decree adjudging title to such last-mentioned property to be in plaintiffs, and if further proceedings be had respecting the same, that they be in accordance with the views expressed in this opinion, and the parties may have leave to amend their pleadings as they are advised.

*Decree modified and cause remanded.*