No. 12,264.

KOCHIOVELOS *v.* A. D. KOCHIOVELOS LIVE STOCK COMPANY ET AL.

Decided December 16, 1929.

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, for plaintiff in error.

Mr. FRED A. SABIN, Mr. ELMER C. HOLT, for defendants in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

This is a suit by T. D. Kochiovelos against the A. D. Kochiovelos Live Stock Company, a corporation, A. D. Kochiovelos, Pete Kochiovelos and Nick Kochiovelos. A. D. Kochiovelos is the plaintiff's brother, and the other individual defendants are the plaintiff's cousins. For convenience, the individual defendants will be referred to as A. D., Pete, and Nick. The plaintiff seeks a receiver of the corporate property, a dissolution of the corporation, a disposition of the assets of the company, and an accounting by A. D. to the plaintiff. The plaintiff contends that the trial court erred in rendering judgment for the defendants.

Some 12 years ago the plaintiff and his brother, A. D., formed a partnership in the sheep business. They also had a store. A dispute having arisen between the partners, they, together with Pete and Nick, organized the defendant corporation, to which the partnership property was thereupon transferred. One hundred shares of the capital stock were issued to the plaintiff. On December 4, 1926, the plaintiff agreed that he would sell the 100 shares to A. D. for $10,000 and A. D. agreed that he would pay that amount for the stock. $1,000 was paid, and thereupon the plaintiff assigned to A. D. a certificate for 10 shares. $9,000 was to be paid on or before December 1, 1927, whereupon the plaintiff was to assign to A. D. a certificate for 90 shares. A. D. failed to pay the $9,000; hence this suit.

In the complaint it is alleged that A. D., having charge of the business, appropriated to his personal use money received as the proceeds of a mortgage given by him upon the company's property; that it has been impossible for the plaintiff to secure any accounting or information concerning the company, its affairs or indebtedness; and that A. D. is dissipating the corporate assets. These allegations and other allegations are unsupported by the evidence. In his reply brief the plaintiff thus states what

he calls the plain theory of this case: "A. D. Kochiovelos is the real defendant in this case. He pretended to incorporate himself, and then converted to himself the copartnership property, of which the plaintiff was half-owner, and as a subterfuge and instrument of fraud executed the agreement to purchase the shares issued to the plaintiff, and having lulled him into a feeling of security for the period of two years, he mortgaged all the property in the name of the company and flatly refused to purchase the shares or to permit the plaintiff to participate in the business or to render to him any accounting concerning the business or property." We search the record in vain for evidence to support the plaintiff's theory. After the organization of the company, the execution of the agreement, and the receipt of the $1,000, the plaintiff left the state for Buffalo, N. Y., where he has since resided. Since leaving here he "has had nothing to do with the company," to quote his own words. It does not appear that he ever made any inquiry about the company or its business.

■ Having failed to sustain his complaint by proof, the plaintiff seeks to rely upon implied admissions of the allegations in the complaint. It is claimed that certain specific denials in the answer are technically insufficient, and therefore are ineffective as denials. But the answer closes with a general denial of each and every allegation in the complaint "not hereinbefore denied, admitted, or otherwise fully answered." That is sufficient to put in issue all allegations not specifically denied. *Bessemer Irrigating Ditch Co. v. Woolley,* 32 Colo. 437, 76 Pac. 1053.

As the evidence fails to sustain the plaintiff's allegations, it is not necessary for us to discuss the question whether the plaintiff would be entitled to maintain this suit had he proven the truth of the matters averred.

The judgment is affirmed.

Mr. Chief Justice Whitford, Mr. Justice Moore and Mr. Justice Burke concur.