## No. 8886.

### FRANTZ ET AL. *v.* BARTELS ET AL.

1. PLEADING—*Construed.* A complaint averred that defendants agreed to convey to plaintiff certain lands, with "all water rights belonging thereto" under certain ditches named. *Held* sufficient to admit evidence in explanation of this descriptive expression of the water rights.

2. DEED—*Construction—Presumptions.* A court of competent jurisdiction had awarded to defendant the right to a specified volume of water, from certain ditches, for the irrigation of certain lands. Defendants afterwards conveyed to the plaintiffs the land in question, "and all water rights belonging to said property" under the same ditches described in the decree of the court. *Held* that both parties must be presumed to have had in mind, and well understood what was intended to be conveyed.

3. EVIDENCE—*Parol admissible,* to explain and apply a conveyance in general terms of a water right, e. g., a conveyance of certain lands described "with all water rights belonging thereto."

4. *Presumptions.*    One who has employed counsel to defend, in a
    cause pending in court, rights which he asserts, is presumed
    to have knowledge of the final judgment rendered in such
    cause.

*Error to Denver District Court, Hon. Chas. C. Butler,
Judge.*

Messrs. MELVILLE & MELLVILLE, for plaintiffs in error.

Mr. H. L. LUBERS and Mr. ARTHUR C. BARTELS, for de-
fendants in error.

Mr. Justice Scott delivered the opinion of the court.

The action is in damage for breach of warranty. To the
amended complaint the defendants below and in error,
filed a general demurrer, upon the ground that such com-
plaint did not state facts sufficient in law to constitute
a cause of action against the defendants. This demurrer
was sustained by the court. The plaintiffs elected to stand
on their complaint, and this ruling of the court is before
us for review.

Briefly, the complaint alleges a contract by which the
defendants agreed to sell to plaintiffs a certain tract of
land, and to convey the same by warranty deed, together
with "all water rights belonging to said property under
the Epperson or Platte ditches, or the Green Valley Ditch."
That thereafter and immediately the plaintiffs entered into
possession of said premises. That thereafter and on the
24th day of January, 1908, The Green Valley Ditch Com-
pany instituted an action in the District Court of the City
and County of Denver, against these plaintiffs and others,
to quiet its title to all water rights in said Green River
ditch. That the defendants employed counsel to appear
in said action, with plaintiffs, to defend the plaintiffs' and
defendants' rights therein; that thereafter the said Dis-
trict Court rendered judgment in said action confirming
the equitable ownership in plaintiff and their grantors to
approximately one-sixth cubic foot of water per second of
time, from the said Green Valley ditch, together with the

proportionate interest in said ditch to carry said amount of water to said land.

That subsequent to the rendition of said judgment and on the 3d day of September, 1909, the defendants executed and delivered to plaintiffs their warranty deed, and thereby conveyed to plaintiffs the said land, and "all water rights belonging to said property under the Epperson or Platte ditches, or the Green Valley Ditch.

That at the time of the execution and delivery of said deed it was agreed and understood between plaintiffs and defendants, that the latter owned, and were by said deed conveying to plaintiffs, one-sixth of a cubic foot of water per second of time from said ditch, together with a proportionate interest in said ditch to carry said water to the land involved. That thereafter and on the 6th day of January, 1913, the Green Valley Ditch Company sued out a writ of error from the Supreme Court in the cause above cited, and in such proceeding the judgment of the District Court was reversed by the Supreme Court, and title to all of said water awarded to said ditch company. That in said proceeding in the Supreme Court both plaintiffs and defendants employed counsel to defend their interests.

That by said judgment it was finally determined that the defendants were not the owners of the water rights involved, and so sold and conveyed to plaintiffs, and that by reason of the premises the plaintiffs are damaged in the sum of one thousand dollars, and in the further sum of fifty dollars for attorneys' fees, and five hundred and twenty-two dollars and twenty-five cents expended in costs in such proceedings.

We are of the opinion that a general demurrer will not properly lie as against the complaint and that the court erred in so holding.

The defendants in error seek to invoke the well settled rule that in the case of a contract for the sale of land which under the statute must be in writing, evidence is not admissible of any modification by parol. But in our view this rule can have no application in the case before us.

There does not appear to be any such contention by plaintiffs, but rather to apply the rule which counsel themselves cite, as laid down in Paige on Contracts, as follows:

"It is a recognized rule of construction that the court will place itself in the position of the parties who made the contract as nearly as can be done, in admitting evidence of surrounding facts and circumstances. * * * Even though the contract is in writing, extrinsic evidence of the surrounding facts and circumstances is admissible to aid the court in determining the intention of the parties." Paige on Contracts, sec. 1123.

The contract and deed were for the conveyance of all water rights belonging to said property under specified ditches. While the complaint does not specifically recite, yet it is broad enough to admit of testimony in explanation of the intent and understanding of the parties as to the descriptive expression used in the agreement and deed. This expression not only conveys the impression that there were water rights belonging to the estate so sold and conveyed, but that such water rights were from certain specifically named ditches.

It may be the fact that water from these ditches was at the time, and had been for many years, applied to the land for irrigation purposes, and that this was well known to both plaintiffs and defendants. It may be that the defendants at the time of the execution of the contract for the sale of the land believed, and so represented to plaintiffs, that they were the owners of said water right, and that the same was then applied to the land.

The complaint specifically alleges that a court of competent jurisdiction had confirmed to the defendants a specific water right fixing the amount and to be taken from the ditch named in the warranty deed. In that action the defendants had employed counsel to defend their claim, and must be presumed to have been advised of said judgment. So that under the complaint at the time the defendants executed and delivered their warranty deed, the water rights which they purported to convey, had been definitely

fixed and described by the court in exact accord with their contention and claim.

If this be true, both parties must be presumed to have had in mind, and to have well understood, the specifically described right which was intended to be conveyed.

Oral testimony is competent to show this intention. The principle to be applied here is clearly stated in *McPhee v. Young,* 13 Colo. 80, where it was said:

"The purpose of the interpretation and construction is to give effect to the intention of the parties. Their intention must first be sought in the instrument itself. The language used by the parties is the best evidence of their intention. This is elementary.   *   *   *

Thus far only the instrument itself has been considered. If, however, the intent and meaning of the parties is not clearly disclosed by the language of the contract, then competent evidence bearing upon the construction given to the instrument by the parties themselves, by their acts and conduct in its performance, may be considered."

In *Gelwicks v. Todd,* 24 Colo. 494, the court clearly distinguishes an action seeking to vary or change a written contract by parol, and one to determine the intention of the parties as here, where the water right in question is not fully described in the conveyance. It was there said:

"At the time of this ruling, the opinion in the case of *Arnett v. Linhart,* 21 Colo. 188, though handed down, probably was not reported, at least, not called to the attention of the trial court. In this case this court, basing its ruling upon the Strickler case, *supra* says:

'Although a water right may be appurtenant to the land, it is the subject of property and may be transferred either with or without the land. *Strickler v. City of Colorado Springs,* 16 Colo. 61. Being therefore a distinct subject of grant, and transferable either with or without the land, whether a deed to land conveys the water right depends upon the intention of the grantor, which is to be gathered from the express terms of the deed; or, when it is silent as to the water right, from the presumption that arises

from the circumstances, and whether such right is or is not incident to and necessary to the beneficial enjoyment of the land.' "

The rule here announced is general as applied to deeds and other contracts, and its application has been common in conveyances in which water rights were concerned. It is said by Judge Kinney, in his work on irrigation, Kinney on Irrigation, p. 1790, that:

"It is self-evident from the nature of a water right, or the right to the use of water, that it cannot be described with the same degree of accuracy that the land conveyed by the same instrument can be described by the legal subdivisions of the government survey, by lots and blocks, or by metes and bounds. And this is where the most of the trouble has arisen; and in deeds where there is no question as to the exact tract of land which was conveyed, the attempted descriptions of the water rights have been so vague and indefinite that the courts have oftentimes been called upon to determine as to just what was attempted to be conveyed in that respect. In construing deeds of this nature, the terms in the deed themselves must first be considered, and if they are vague or indefinite as to the exact water right or easement for a ditch, parol or extrinsic testimony may be introduced in order to explain away any ambiguity existing in the language used and to determine exactly what was intended to be conveyed."

We think that the complaint sufficiently declares that it was the intent and purpose of the parties that the warranty deed was to convey and warrant a specific and definite water right both in extent and amount.

The judgment is reversed with direction to overrule the demurrer and to permit the parties to proceed as they may be advised.

Judgment reversed.

White, C. J., and Garrigues, J., concur.