## No. 9519.

### FRANTZ ET AL. *v.* BARTELS.

Decided May 2, 1921.

Action in damages for breach of warranty. Judgment for defendants.

*Affirmed.*

1. APPEAL AND ERROR—*Conflicting Evidence.* A judgment supported by sufficient evidence, the testimony being conflicting, will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. MELVILLE & MELVILLE, for plaintiffs in error.

Mr. H. L. LUBERS, Mr. ARTHUR C. BARTELS, for defendant in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

PLAINTIFFS in error brought an action in damages for breach of covenant of warranty. The plaintiffs allege a sale of a tract of land by warranty deed, together with "all water rights belonging to said property under the Epperson or Platte ditches or the Green Valley Ditch"; averring also "that at the time of the execution and delivery of said deed it was agreed and understood between said plaintiffs and defendants that the defendants owned and were by said deed conveying to the plaintiff one-sixth of a cubic foot of water per second of time from said ditch, together with a proportionate interest in said ditch to carry said water to the land involved." On general demurrer to the complaint the defendants had judgment. This court reversed that judgment and remanded the case for further proceedings (*Frantz v. Bartels,* 63 Colo. 246, 165 Pac. 769), holding that the complaint was not obnoxious to a general demurrer, and that extrinsic evidence was admissible to show the intent and purpose of the parties in using the uncertain descriptive clause of the deed.

The defendants answered and denied "that at the time of the execution and delivery of the said deed it was agreed and understood between plaintiffs and defendants that the defendants owned or were conveying to the plaintiffs under said deed one-sixth of a cubic foot of water per second of time, together with a proportionate interest in said ditch,"

and alleged affirmatively "that at the time of the execution of said contract and deed it was understood and agreed between the plaintiffs and defendants that the defendants were to convey only such water rights as were belonging to said Block Five (5) under the Epperson or Platte Ditches or the Green Valley Ditch, if there were any belonging to said Block Five (5), and plaintiffs well knew and were informed and advised that at the time of the execution of said contract and deed herein mentioned that whether there were any water rights belonging to said Block Five (5) were in dispute and undetermined, and that plaintiffs well knew and were informed and advised that defendants did not know whether or not at the time of the contract and the execution of the deed there were any water rights belonging to said Block Five (5), Manchester, and this defendant alleges that at the time of the execution of the contract and deed the plaintiffs were informed and advised and well knew that no water from any ditch or ditches had been used or applied to said land for a great number of years prior thereto, and that the defendants accepted said deed with full knowledge of such facts."

The trial was to the court. The evidence was documentary and oral. The court found the issues in favor of the defendant and entered judgment accordingly. Plaintiffs bring error.

The uncontradicted testimony showed that there were no water rights belonging to this tract of land (*The Green Valley Co. v. Frantz*, 54 Colo. 226, 129 Pac. 1006) ; that the water rights had been abandoned since 1888; that the deed was delivered in 1909; that at the time of the delivery of the deed to the plaintiffs in error litigation was pending and undetermined, brought by The Green Valley Ditch Company to quiet the title to its water as against the claim of plaintiffs in error; that the plaintiffs in error made application to The Green Valley Ditch Company for water in October, 1907; that the application was rejected January, 1908; that in April following the refusal of the ditch

company to furnish water, and a year and a half before the delivery of the deed, plaintiffs in error erected a pumping plant to irrigate this land.

Defendant in error testified that prior to making contract of sale that he informed plaintiffs in error that he had owned the property since 1904; that he had never used any water on said land nor paid any assessments to the ditch company for water; that he did not know whether there was a water right belonging to the land or not, but if there was any, he would be glad to throw in whatever water there may be with the place.

The plaintiffs in error testified that the defendant in error assured them that the land was entitled to water and had good water rights.

It is urged that the evidence is insufficient to support the findings in favor of the defendant in error. The evidence was conflicting. The court saw the witnesses face to face and had the opportunity of observing their manner in giving testimony, and of determining their credibility, and found for the defendant in error. The evidence is sufficient to sustain the findings and the judgment is therefore affirmed.

MR. JUSTICE DENISON and MR. JUSTICE TELLER concur.