## No. 9889.

THE HASTINGS & HEYDEN REALTY CO. *v.* GEST, ET AL.

Decided June 6, 1921. Rehearing Denied October 3, 1921.

Action to quiet title to water right. Findings and decree for defendants.

### *Reversed.*

1. WATER RIGHTS—*Appurtenant to Land.* Water may or may not be appurtenant to land; the provisions of the deed control, but if it be silent on the subject the intention of the parties is to be determined from all the circumstances of the case including the fact of whether the water is necessary and essential to the beneficial use and enjoyment of the land.

2. TRUST DEED—*Water Rights—Release.* Where warranty and trust deeds convey land, and water appurtenant thereto, a release of the land executed by the public trustee *ipso facto* releases the water right with the land to which it is appurtenant.

3. LIMITATIONS—*Trustee's Sale.* In an action to quiet title to water rights sold under a trust deed, the cause of action does not accrue until after sale by the trustee and final refusal of the irrigation company to continue to deliver the water.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. ROGERS, ELLIS & JOHNSON, for plaintiff in error.

Mr. L. WARD BANNISTER, Mr. LEROY MCWHINNEY, Mr. SAMUEL M. JANUARY, for defendants in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

PLAINTIFF brought action to quiet title to a certain water right as appurtenant to the northwest quarter of the southwest quarter of section 35, township 3 south, range 67 west, owned by it, to restrain the defendant Gest and the Irrigation Company from diverting this water to other land, and for general relief. Findings and decree were for defendants, which plaintiff brings here for review.

It appears that Gest and others associated with him, were owners of the southwest quarter of section 35, township 3 south, range 67 west, and that in January, 1911, they conveyed the land to one Gallup by warranty deed, for a consideration of $48,000.00. The deed also conveyed all water appurtenant thereto in the following terms:

"The Southwest Quarter (S. W. ¼) of Section Thirty-five (35), Township Three (3) South, Range Sixty-seven (67) West of the 6th P. M., together with all water rights belonging or appertaining to said lands and premises, including with and among any other of said water rights any and all water rights, and any and all interests in and to any and all water rights owned or held by said parties of the first part under and by virtue of any contracts made by them or by one William Howell in his lifetime, or by his executors, with The Northern Colorado Irrigation Company, or The Platte Land Company, Limited, and any and all other water rights used upon or in connection with said above described real property."

On the same day Gallup conveyed to the Public Trustee of Adams County this land and water to secure the payment to Gest and his associates of the balance of the purchase price, $40,000.00, which was evidenced by four notes of $10,000.00 each. In the deed of trust, following the legal description of the land, is the following:

" * * * together with all water rights belonging or appertaining to said lands and premises, including with and among any other of said water rights, any and all water rights and any and all interests in and to said water rights owned or held by said party of the first part, under and by virtue of that certain deed of conveyance of date January 2, 1911, made, executed and delivered by the parties of the second part to the party of the first part, and any and all other water rights used upon or in connection with said above described real property."

The trust deed also contained the following provision in regard to partial releases upon part payment of the debt:

"The party of the first part may have released at any time as follows: The Southeast Quarter (S. E. 1/4) of said premises upon the payment of eight thousand dollars ($8,000.00) ; any five-acre tract in the North One-half (1/2) of said premises on the payment of twelve hundred and fifty dollars, (1,250.00) ; and any five-acre tract in the Southwest Quarter (S. W. 1/4) of said premises on the payment of twenty-five hundred dollars ($2,500.00) ; said payment to be credited on the note or notes maturing first. On payment of any of said notes the release price shall be proportionately reduced."

Some six months later Gallup conveyed the land to the plaintiff company, with all water rights and appurtenances. Plaintiff entered into possession through tenants, who have ever since continuously used water thereon regularly for irrigation during each irrigating season.

In January, 1912, plaintiff paid the $10,000.00 note then due, and secured a release under the provisions of the trust deed of a certain tract included therein. This particular parcel was not then, and never had been, under irrigation, and was entitled to no water as appurtenant.

In December of the same year plaintiff gave notice that it would pay the $10,000.00 note due in January, 1913, and elected to have the northwest quarter of the southwest quarter of the land released. A release deed was accord-

ingly prepared by Gest and his associates, which release contained the following provision and exception:

"All water rights conveyed by or mentioned in said deed of trust are hereby expressly reserved and excepted from this release."

Accompanying the release, which was submitted to the company before delivery, was the following letter:

"I wish to call your attention to the fact that no water rights are released. Neither were any water rights released a year ago when a different tract was released. The reason is that we do not know to what particular tract of the entire property any particular water rights attach, so we have been following the policy of (not) allowing any water rights to be released until the final release."

The deed was returned with the exception approved, as follows:

"Acknowledging receipt of yours of December 19, in re Hastings & Hayden Realty Company property, Boston Heights, we beg to say that we enclose form of release deed which meets with our approval."

The deed was duly delivered and recorded. Payment of the remainder of the notes was defaulted and the property was later sold by the Public Trustee under the provisions of the trust deed. There was no redemption from the sale, and a deed from the Trustee was in due course delivered to Gest, who was the purchaser. The deed purported to convey the land not theretofore released and all water rights appurtenant to the entire quarter section.

Gest then secured a deed from the Irrigation Company purporting to convey the water right in dispute to another tract of land belonging to him previously without water, and detach it from the land, to-wit: the northwest quarter of the southwest quarter of section thirty-five, to which it had theretofore been appurtenant, and to which it had been continuously applied for irrigation purposes for more than twenty years.

In March, 1919, the plaintiff company demanded of the Irrigation Company that it supply water for this forty-

acre tract, as it had previously done. This demand, and the tender of the water rental accompanying it, were re- fused, because of an alleged transfer of such water right. About a month later this suit was brought and resulted as above indicated.

The main question is whether the water originally ap- purtenant to the northwest quarter of the southwest quar- ter of section thirty-five remained so appurtenant, and if so, whether plaintiff was legally entitled to have it released from the lien of the trust deed when the land itself was released.

It is plain that the water right in question was conveyed by Gest and his associates to Gallup, and by him to the plaintiff company. It is equally clear that such water right was included in the trust deed by Gallup, and was described as "belonging or appertaining to said lands and premises." It is true that the deed also purported to con- vey to the trustee "all other water rights used upon or in connection with said above-described real property," but this phrase gives the trustee no added power, or other water rights, because Gallup had no other water rights there, than those appurtenant to and regularly used upon the land, all of which water rights were conveyed to him by Gest. The trust deed contained no power of sale of water rights alone. It is manifest that the water rights he had were those and those only appurtenant to the land. In- deed, there is no claim to the contrary. There is some contention that the water in question was occasionally used to irrigate other land, but it does not amount to an abandonment of the right to use it on the land in question; neither does it in the slightest degree show that the water right had ceased to be appurtenant to that land, or had ever been severed from it.

In *Bessemer Irr. Ditch Co. v. Woolley,* 32 Colo. 437, 76 Pac. 1053, 105 Am. St. Rep. 91, it is said in the syllabus:

"Whether or not a water right used to irrigate land passes as an appurtenance to the land by a conveyance of the land which is silent as to the water right, depends

upon the intention of the grantor which must be determined by the circumstances of the case and whether or not the water right is or is not incident and necessary to the beneficial enjoyment of the land, and in the absence of a showing of such intention such water right will be held not to pass as an appurtenance."

It is recognized in this state that water may or may not be appurtenant to land. The provisions of the deed control, and if the deed be silent on the subject, then the intention of the parties is to be determined from all the circumstances of the case, including the fact as to the use of the water and whether it is necessary and essential to the beneficial use and enjoyment of the land. *Bessemer Irr. Ditch Co. v. Woolley, supra; Arnett v. Linhart,* 21 Colo. 188, 40 Pac. 355; *Insurance Co. v. Childs,* 25 Colo. 360, 54 Pac. 1020; *King v. Ackroyd,* 28 Colo. 488, 66 Pac. 906.

In *Bessemer Irr. Ditch Co. v. Woolley, supra,* the question was whether certain water rights were conveyed as appurtenant to the land, the deed being silent on the subject. The court held that the intention of the grantor must be gathered from all of the facts and circumstances of the case, and whether the water was in fact incidental and necessary to the beneficial use and enjoyment of the land conveyed.

In the case at bar it is undisputed that the water right involved was necessary to the beneficial use and enjoyment of the land. The land was not susceptible to cultivation without water. It had been used thereon for many years, under contract with the Irrigation Company, which provided where it was to be used, and prohibited its use elsewhere. The records of the Irrigation Company established beyond dispute that the water was and is appurtenant to the land.

It is also well established that without water the land would be practically worthless for agricultural purposes, and would have a value of only one-tenth the amount paid to obtain its release. This fact is important as indicating

the intention to convey the water with the land, and in thus assisting to the conclusion as to the effect of the partial release clause, contained in the deed of trust, which partial release clause is silent as to water rights. The fact that the partial release clause failed to specify the water right by no means detached it from the land. The release of the land carried with it all appurtenances, and it seems to have been well understood, by those in interest, that this water right was still appurtenant to the land, even after the default and sale by the trustee. This is evidenced by the recitals of the deed from the Irrigation Company to Gest, executed at his request, wherein it is stated:

"Whereas, The Northern Colorado Irrigation Company, at the request of the said William P. Gest, and relying on the statements and representations made by him as aforesaid, has agreed that the said water right may be severed and detached from the first above described tract of land, and attached to and connected with the second mentioned tract of land, as hereinabove described."

The deed then purports to convey from Gest to the Irrigation Company the water right attached to and used upon the land here involved, and the Irrigation Company re-conveyed it to Gest to be attached to another parcel of the land owned by him.

The only circumstance even tending to show that the water right in question was not appurtenant to the land is the correspondence between the attorneys of the parties in reference to the release of portions of the land upon partial payments. The essential parts of the letters are quoted above. There is nothing in the letter of Gest's attorney to lead the recipient to believe that Gest intended to hold the water right as separate and distinct security for the balance of the money due. Indeed the only logical inference to be drawn therefrom is that he intended to hold all water from release until it was ascertained to what particular land rights belonged as appurtenant thereto, as shown by use.

It is plain from a careful consideration of the provisions of the deeds involved that the water rights were conveyed as appurtenant to the land; that the trust deed covered all water rights, and that the release deed in question in fact released not only the land described, but also the water right in question, which by abundant proofs is shown beyond all doubt to have been appurtenant thereto. Upon these proofs, including the recitals in the deeds, it is free from doubt that the water right conveyed belonged as an appurtenance to the several tracts of land in ratable proportions, each tract being entitled to its proportionate share of the water alloted to the whole tract, according to the previous use of water for irrigation on the particular tract.

It is contended that the action was barred by the five year statute of limitations, section 4073, R. S. 1908. This point is not well taken, as the cause of action cannot be held to have accrued until after the sale by the Trustee, in 1918, and final refusal of the Irrigation Company to continue to deliver water, which refusal occurred in March, 1919.

Other points are raised by defendants in error, but they do not warrant discussion, since the case is determined upon the legal effect of the various deeds between the parties, and the correspondence. We conclude that the warranty and trust deeds conveyed the water, the use of which plaintiff now claims, as an appurtenant to the land, and that the release of the land in question, executed by the Public Trustee, *ipso facto* released the water right with the land to which it was appurtenant. *Huff v. Farwell,* 67 Iowa, 298, 25 N. W. 252; *Cowen v. Loomis,* 91 Ill. 132. In 27 Cyc., 1418, the rule is thus stated:

"Upon performance of the stipulated conditions, or on the happening of the specified event, the mortgagor is entitled to have a formal release or discharge of the mortgage; and if the mortgagee refuses to perform his part, equity, treating that as done which ought to have been done, will hold the mortgage as released."

The judgment of the trial court is reversed and the cause remanded with directions to enter a decree that plaintiff is the owner of the water right described in the complaint as appurtenant to the forty acres in question, free from any cloud either by reason of the deed of the trustee, or the deeds attempting to transfer such right, by Gest or the Irrigation Company, and that all parties be and they hereby are perpetually restrained and enjoined from in any way interfering with plaintiff in the free use and enjoyment of the same.

Judgment reversed and cause remanded, with directions.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE, concur.