No. 14,527.

DENVER JOINT STOCK LAND BANK OF DENVER *v.* MARKHAM ET AL.

(107 P. [2d] 313)

Decided October 21, 1940.

510

Mr. DAVID J. MILLER, Mr. J. DONOVAN STAPP, Mr. GLENN A. LAUGHLIN, for plaintiff in error.

Mr. ALLYN COLE, for defendants in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS action was instituted by defendants in error to

recover a reasonable charge or rental for the use of water delivered from the irrigation system of the Fort Lyon Canal Company under its stock certificate No. 4628, representing 72 shares of the capital stock of the company, for the season of 1937. Plaintiff in error admits the use of the water, but asserts ownership of the certificate and the water rights represented thereby in itself. The sole issue therefore, is the ownership of this certificate. That its ownership was in one L. Wirt Markham until September 27, 1926, is not questioned. On that date he, together with his wife, executed a deed of trust to the public trustee, for the use of plaintiff in error, conveying 348 acres of land, including the north one-half of the northeast quarter of section 19, and the north one-half of the northwest quarter of section 20, township 22 south, range 46 west of the sixth principal meridian, together with certain water rights described as follows:

"Any and all water rights, water, ditches, reservoirs, and water easements and profits thereunto belonging or in any wise appertaining which are now or hereafter may be used on said premises, and together with all shares of stock or shares of water in any ditch, reservoir or irrigation association or company which in any manner entitles said parties of the first part, their heirs or assigns, or the lands hereinabove described, to water for irrigation or domestic purposes on said premises, and including the following, to wit:

"Seventy-two (72) shares of the capital stock of the Fort Lyon Canal Company evidencing 72/100 cubic feet of water per second of time, derived from the canal of the Arkansas River Land, Reservoir and Canal Company; and

"Two and one-half (2½) water rights representing five (5) cubic feet of water flowing over a weir per second of time from sunrise to sunset derived from the Amity Canal, Reservoir and Improvement Company's

Canal now owned by the Amity Land and Irrigation Company."

Some of the facts are stipulated. From these facts it appears that the 72 shares to which reference is made in the trust deed above mentioned are not the 72 shares evidenced by certificate No. 4628, upon which the complaint is based. A brief history of this certificate is necessary to an understanding of the issue. When the real estate above described was acquired by L. Wirt Markham he also obtained one and one-half water rights, which he surrendered January 13, 1898, to the Fort Lyon Canal Company, and in lieu thereof stock certificate No. 545 was issued to him for 216 shares in the Fort Lyon Canal Company, operated as a mutual ditch company. January 31, 1908, he surrendered this certificate and there was issued as a part thereof certificate No. 1908 for 72 shares, being the same shares specifically described in the trust deed above mentioned, about which there is no dispute. The remaining 144 shares were issued to L. Wirt Markham under certificate No. 1909. This certificate was surrendered by Markham July 20, 1909, and in lieu thereof there was issued to him certificate No. 2110 for 72 shares, and certificate No. 2111 for 72 shares issued to one C. B. Spencer, not involved here. Certificate No. 2110 is the basis of this controversy. July 28, 1916, this certificate was pledged as collateral for a loan of $2,500 by L. Wirt Markham to the First National Bank of Lamar, Colorado, and a notation thereof made on the stub of the stock book of the Fort Lyon Canal Company. In 1923 this certificate was cancelled, and certificate No. 3975 was issued to Markham in lieu thereof. No release of the $2,500 loan appears on the stub, the next notation being under date of April 24, 1929, that certificate No. 3975 was collateral to a loan of $2,800, showing thereby an increase of $300 in amount over the original notation made in 1916. Thereafter, October 23, 1930, which was subsequent to the death of L. Wirt Markham, there appears a notation

on the stub releasing this certificate from the loan of the bank, and the notation that on the same date it was pledged to defendant in error M. R. Sunday, who merely took over the note from the bank, there being no change in the collateral. After the death of Markham defendants in error found certificate No. 3975 in the possession of the First National Bank of Lamar as collateral to its loan of $2,800. When M. R. Sunday took over the loan from the bank October 23, 1930, he surrendered certificate No. 3975, and had issued to himself, in lieu thereof certificate No. 4628, which, endorsed in blank by him he surrendered to defendants in error upon payment by them of the loan on July 24, 1931. There it has remained ever since.

A brief reference to the loan of plaintiff in error to L. Wirt Markham should also be made. This loan was predicated upon an application by Markham to the bank in which the security offered for a loan was in part certificate No. 1908, and the 72 shares here in question were not offered. Upon receipt of this application an examination of the security offered was had and a formal written report made to plaintiff in error by its agent, which contains this language: "The water right with this farm consists of 72 shares of Fort Lyon Canal Company water stock, and 2½ rights in the Amity Canal, which is more water than is needed on this farm." It is agreed that the bank, through its foreclosure of the trust deed, obtained the 72 shares of stock mentioned in this report. The valuation of the security offered was fixed at $67,016, exclusive of the 72 shares involved here, which at that time were pledged elsewhere. It was not considered by plaintiff in error as a part of the security offered, but other rights were considered and pledged as being more than sufficient for all purposes. The loan by the bank on the security offered was several thousand dollars less than half the value of this security as fixed by its own appraisement. By reason of default in payments the bank elected to foreclose, and

a public trustee's deed was executed February 27, 1937, conveying the land and water rights as above described.

The trial court found the issues in favor of defendants in error and entered judgment accordingly. Plaintiff in error, seeking a reversal, has brought the cause here by writ of error.

█ Plaintiff in error contends that since the Fort Lyon Canal Company is a mutual ditch, the stock certificate for the 72 shares in question is simply a muniment of title to the water rights, which are real property. In support thereof are cited *Kendrick v. Twin Lakes Co.,* 58 Colo. 281, 282, 144 Pac. 884; *Comstock v. Olney Springs Drainage District,* 97 Colo. 416, 419, 50 P. (2d) 531; *Beaty v. Commissioners,* 101 Colo. 346, 73 P. (2d) 982. If we were considering facts analogous to those in the cited cases, this contention would be tenable; but such is not the situation. In the Kendrick case we held, "that water rights * * * for the purpose of taxation, are included within and constitute a part of the real estate upon which the water is applied." This case is not in point on the issue before us. The Comstock case involved certificates representing water used upon land in a drainage district organized under chapter 36, C.L. 1921. The directors of the district made the assessment on the land benefited by and under the project. The landowner failed to pay the assessment and in due course a treasurer's deed issued to the drainage district. The question was whether, under these circumstances, the treasurer's deed had the effect of conveying to the district the water rights represented by the certificates. We answered this question in the affirmative. Mr. Justice Butler, in his specially concurring opinion, said (page 420): "It is inconceivable that investors would purchase the bonds if they were secured by a lien on only dry land." This case also, therefore, is distinguishable by reason of the dissimilarity of the facts involved. The issue in the Beaty case was similar to that in the

Kendrick case, involving the question of taxation as applied to water rights. It is not in point here.

 It next is contended that the water right in question was conveyed as an appurtenance to the land on which it was used and located, because the water deed and the stock certificate provided that the water represented by the certificate should be used on the land covered by the deed of trust. We cannot agree with that contention. Aside from the general rule—well settled in this state—that water rights may or may not be an appurtenance, and pass or not pass with a conveyance of land, depending upon the intention of the grantor, to which we shall revert later, there are other circumstances here that require our consideration. The water deed permitted the grantee to re-locate and use the water involved, on other lands at will, and when Markham acquired these water rights he obtained a new agreement, under which he was permitted to transfer any of them to other land. This permitted right he exercised when he sold and transferred one water right by having issued certificate No. 2111 for 72 shares, to be used on lands not mentioned in the certificate. Moreover, it is undisputed that the universal custom in transactions involving lands under the Fort Lyon canal was to pledge the stock certificate when water rights represented thereby were given as security for a loan. That was done by Markham in the loan from plaintiff in error, when he pledged the 72 shares not involved here, and delivered the certificate to it at the same time the trust deed was executed. He had had a very extensive experience in all such matters; had owned and operated farms; made many loans for himself and others in the vicinity and under the irrigation system involved; and conducted an abstract business. As grantor of the deed of trust he was fully advised as to his rights. Under these circumstances, and for other reasons which we hereafter set out, this contention must fail. That the certificate bore a location notation as to use on some of

the real estate described in the deed of trust, under the facts before us, is only of minor importance, particularly since there was evidence that the water rights specifically described in the trust deed were sufficient for all purposes. We are not here concerned so much with logical deductions derived from a construction of documentary evidence as we are with actual unbroken experiences over a number of years, in the manner of pledging certificates of stock, such as we have before us in the instant case.

 It further is contended by plaintiff in error that the water right in question was conveyed as an appurtenance to the land on which it is used and located, because it was specifically described in the deed of trust. Was the water right of the 72 shares here involved so specifically described? We think not. The trust deed specifically described 72 shares of the capital stock of the Fort Lyon Canal Company and two and one-half water rights from the Amity canal. It was freely admitted at the trial that these 72 shares are not those here in question. They are not specifically described in the deed of trust. The general clause relating to water rights, which is a part of the printed form of the deed of trust, precedes the specific description of the water rights conveyed. The deed is silent on the specific water rights evidenced by certificate No. 4628. "The expression in a contract of one or more things of a class implies the exclusion of all not expressed, although all would have been implied had none been expressed." 13 C.J., p. 537, §500. "It is a reasonable inference that specific provisions express more exactly what parties intend than broad or general clauses." Restatement of the Law — Contracts, §236, Comment on Clause (c). "Where the deed specifically describes the water rights granted, the grantee will not take any additional water rights by implication." 40 Cyc. 755. "Whether or not a water right passes in a deed conveying lands, without any specific mention of the right, de-

pends upon the intention of the grantor, which is to be gathered from the express terms of the deed, and, if that is silent, from the presumptions arising from circumstances surrounding the transaction. *Arnett v. Linhart et al.*, 21 Colo. 188; * * * *Gelwicks v. Todd*, 24 Colo. 494." *Travelers Insurance Co. v. Childs*, 25 Colo. 360, 365, 54 Pac. 1020. See, also, *Daum v. Conley*, 27 Colo. 56, 59 Pac. 753; *King v. Ackroyd*, 28 Colo. 488, 66 Pac. 906; *Bessemer I. D. Co. v. Woolley*, 32 Colo. 437, 76 Pac. 1053; *City and County of Denver v. Brown*, 56 Colo. 216, 138 Pac. 44.

Silence with respect to the 72 shares in the conveyance here involved makes the issue primarily one of intention of the grantor, and, notwithstanding all we have heretofore said, this is the controlling issue under the facts before us.

In *Berg v. Yakima Valley Canal Co.*, 83 Wash. 451, 145 Pac. 619, cited by counsel for plaintiff in error, we find this language: "Whether the water right is appurtenant to the stockholder's land is generally a question of fact, as is also whether on a sale or transfer of the land, the water right passes as an appurtenance. * * * The doctrine which makes it a question of fact whether the water right is appurtenant to the land, and whether it passes by a lease or other conveyance, seems to us sound." See, also, *Oppenlander v. Left Hand Ditch Co.*, 18 Colo. 142, 152, 31 Pac. 854; *James v. Baker*, 99 Colo. 551, 556, 64 P. (2d) 598; *Haselwood v. Moore*, 100 Colo. 556, 561, 69 P. (2d) 248.

The trial court found that "the said L. Wirt Markham did not convey or encumber, and did not intend to convey or encumber the said 72 shares of stock and the water right evidenced thereby, which is now evidenced by said certificate No. 4628; and doth further find that the defendant company did not secure a lien thereon by virtue of said deed of trust, or by the foreclosure thereof, or any right, title, or interest in or to said stock, or the water right evidenced thereby, and at

this time has no right, title, or interest therein." These findings are fully sustained by the facts recited above.

In view of this conclusion, we deem it unnecessary to pass upon other questions discussed in the briefs.

The judgment is affirmed.