No. C-299

Hisashi Kinoshita and John DiTirro, Jr. v. North Denver Bank, 1415 Corporation, Connecticut Mutual Life Insurance Company, Lupton Meadow Ditch Company, Coal Ridge Ditch Company, Cross and Co., Inc., and Ambrose-Williams and Co.

(508 P.2d 1264)

Decided April 9, 1973.

Keith J. Vandenberge, for petitioners.

Robinson-Litvak, P.C., William Hedges Robinson, Jr., for respondents North Denver Bank, 1415 Corporation, Connecticut Mutual Life Insurance Company.

Raymond J. Turner, for respondent Coal Ridge Ditch Company.

Gaunt, Dirrim and Coover, William W. Gaunt, for respondent Lupton Meadows Ditch Company.

MR. JUSTICE GROVES delivered the opinion of the Court.

With respect to opinions of the Court of Appeals of Colorado, C.A.R. 35(f) provides in part as follows:

"Only the opinions officially selected for publication shall be binding upon the trial judges of the state of Colorado and shall be considered as stare decisis for the point of law settled therein; provided, however, they do not conflict with any decisions of the Colorado Supreme Court."

The Court of Appeals' opinion under consideration here (Kinoshita v. North Denver Bank, 31 Colo. App. 227, 501 P.2d 1337 (1972)), was officially selected for publication. We granted certiorari, not because we disagreed with the result of the opinion or with most of the statements therein, but rather because we felt some clarification and limitation of the language was necessary. We also felt disposed to rule upon a matter which was raised both before the Court of Appeals and in the petition for certiorari to this court, but which was not mentioned in the opinion. This matter is discussed under item III of this opinion.

One Murato owned farm land, together with shares of stock in mutual ditch companies. The irrigation water represented by these shares was used on the farm. The trial court found, in effect, that the water was appurtenant to the land and necessary to its agricultural operation. This finding was amply supported by the evidence.

Murato conveyed the land to a corporation formed by him (Murato Farms, Inc.), herein called the corporation. The deed specifically described the water stock, but the certificates representing this stock were not transferred to the corporation.

The corporation obtained a loan from Connecticut Mutual Life Insurance Company, and secured the loan with a deed of trust upon the land. The deed of trust specifically described the water stock. The stock certificates, together with stock powers executed by Murato in blank, were delivered to Connecticut Mutual as a part of the loan security.

Later the corporation obtained a loan, secured by a second deed of trust upon the same land, from the North Denver Bank (herein called Bank). This instrument did not

specifically describe the water stock, but provided that it embraced the "water and ditch rights and stock used in connection" with the land. Subsequently, the Bank instituted foreclosure proceedings which culminated with the issuance of public trustees' deeds. These deeds described the land but made no mention of water rights or stock.

After delivery of the water stock certificates to Connecticut Mutual, neither Murato nor the corporation again had possession of them. After the public trustees' deeds were issued, Murato executed blank stock powers for the water stock and delivered them to the petitioner Kinoshita in an attempt to assign the water stock to the latter. Kinoshita did not testify at the trial. Murato testified that he made the assignment to Kinoshita in satisfaction of an indebtedness in the amount of $25,000 owed by Murato to Kinoshita. The following is from the transcript of testimony during the cross-examination of Murato.

"Q. So, in other words, your transfer to Mr. Kinoshita was contingent on how much he obtained from this water stock, is that right?

"A. Yes. And in the event that we would be able to show our position as ownership.

"Q. So, that if you did not have a valid title to this water stock, then you'd still owe him $25,000.00, is that right?

"A. Right."

Shortly prior to trial Kinoshita attempted to transfer any rights he might have in the water stock to the petitioner DiTirro under an agreement whereby the purchaser must pay the seller $75,000 as follows:

"Ten (10) per cent of the purchase price upon a favorable decision of the court in which the said stock is now in litigation by reason of a claim being asserted by the North Denver Bank, and the balance of the said purchase price payable in five (5) equal annual installments, together with interest at the rate of six (6) per cent per annum."

The trial court ruled that the Bank was entitled to the water stock, subject to the security rights of Connecticut Mutual. In addition to finding in effect that the water was

appurtenant to and necessary for the cultivation of the land, the trial court found that it was the intention of Murato to include the water stock in the security given to the Bank. Since Murato was president of the corporation and acted for it, his intention would also be that of the corporation.

## I.

█ In its opinion the Court of Appeals stated:

"Accordingly, the deed to the corporation signed by Murato did convey the water and water rights owned by Murato. After that conveyance he was no longer the owner of the specific water rights and his subsequent attempt to convey such rights was of no effect."

This should be interpreted — as we feel the Court of Appeals intended — to mean that the attempted transfers under which DiTirro claims were not effective. Murato's deed to the corporation did not describe the certificates of stock, but did describe the number of shares which accompanied the land. We are not here dealing with a case in which Murato subsequently delivered assigned stock certificates to a bona fide purchaser without notice of any defects. We are not dealing with the extent to which the recorded deed to the corporation gave notice to the world. The holding here is simply that as between Murato and the corporation and as between the corporation and the Bank, the water stock passed with the instruments and that DiTirro is not in a position to assert rights to the stock against the Bank.

## II.

█ In the petition for certiorari it is stated:

"For the Corporate Deed of Trust to North Denver Bank to have encumbered the water stock without specific mention therein there must be present a two-fold criteria: 1) intention of the grantor, and 2) water right which is incident and necessary to the beneficial enjoyment of the land."

Pragmatically, this may be a substantially correct statement of what one must show. The rule which we pronounce here is somewhat different. We are speaking of whether or not a deed, which does not mention water rights, transfers stock in a mutual ditch company. One finds some confusion in

reading the cases set forth in the footnote.[1] It is true that in *Bessemer Irrigation Ditch Co. v. Wooley,* cited in the footnote, the statement of the court supports the above quoted statement in the petition for certiorari. A careful reading of *Bessemer* discloses that it was a statement of dictum. We follow the rule announced as follows in *Hastings and Heyden Realty Co. v. Gest,* cited in the footnote.

"It is recognized in this state that water may or may not be appurtenant to land. The provisions of the deed control, and if the deed be silent on the subject, then the intention of the parties is to be determined from all the circumstances of the case, including the fact as to the use of the water and whether it is necessary and essential to the beneficial use and enjoyment of the land."

Actually, courts are concerned primarily with the intention of the grantor rather than the intention of the parties.

### III.

The petitioners contend that the "stock, being personal property, necessarily should have been foreclosed pursuant to C.R.S. 1963, 155-9-504(3) which requires the secured party to give reasonable notification to the debtor of its intention to dispose of the collateral." This section of the commercial code is made inoperative by C.R.S. 1963, 155-9-501(4) with respect to water stock foreclosed as a part of real estate security.

Judgment affirmed.

---

[1] *State of Colorado v. Lionello,* 157 Colo. 161, 401 P.2d 593 (1965); *Denver Joint Stock Land Bank v. Markham,* 106 Colo. 509, 107 P.2d 313 (1940); *James v. Barker,* 99 Colo. 551, 64 P.2d 598 (1937); *Hastings and Heyden Realty Co. v. Gest,* 70 Colo. 278, 201 P. 37 (1921); *Bessemer Irrigation Ditch Co. v. Wooley,* 32 Colo. 437, 76 P. 1053 (1904); *Travelers Insurance Company v. Childs,* 25 Colo. 360, 54 P. 1020 (1898); and *First Nat. Bank of Longmont v. Hastings,* 7 Colo. App. 129, 42 P. 691 (1895).