**In the Matter of the ESTATE OF Tony PALIZZI, Jr., also known as Anthony Palizzi, Jr., Deceased.**

**Margaret M. PALIZZI, Personal Representative of the Estate of Carl A. Palizzi, Deceased, Petitioner–Appellee,**

v.

**Tom PALIZZI, as Personal Representative for the Estate of Tony Palizzi, Jr., also known as Anthony Palizzi, Jr., Deceased, Respondent–Appellant.**

Nos. 90CA1023, 90CA1372.

Colorado Court of Appeals, Div. V.

Feb. 27, 1992.

Rehearing Denied April 9, 1992.

Certiorari Granted Aug. 31, 1992.

Michael R. Dice, Denver, for petitioner-appellee.

Gehler & Merrigan, Robert R. Gehler, Commerce City, for respondent-appellant.

Opinion by Judge PLANK.

Respondent, Tom Palizzi, personal representative of the Estate of Anthony Palizzi,

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24-51-1105, C.R.S. (1988 Repl.Vol. 10B).

Jr. (Tony's Estate) appeals the judgment of the trial court entered in favor of petitioner, Margaret M. Palizzi, personal representative of the Estate of Carl A. Palizzi (Carl's Estate). We reverse and remand.

This appeal involves the interpretation of the will of Anthony Palizzi, Jr. (the Will). At his death, the testator owned, *inter alia*, a sixty-acre farm, which had been traditionally supplied water by virtue of certain water rights also owned by testator. The Will specifically devised twenty-acres of farmland to Carl A. Palizzi. The "rest, residue, and remainder" of the estate was devised on an equal basis to the testator's three sisters and one brother. The testator's water rights were not expressly devised.

Carl's Estate filed a declaratory judgment action requesting that the trial court construe the Will. It claimed that the water rights were devised with the twenty acres of real estate. Tony's Estate, on the other hand, contended that any water rights owned by the testator were devised through the residuary clause.

The trial court found in favor of Carl's Estate, holding that the water rights were devised by implication with the twenty acres of land given to Carl A. Palizzi.

## I.

■ The issue central to this appeal is whether, as a matter of law, a devise in a will of agricultural real estate, silent as to water rights, transfers by implication the water rights that were historically used on the real estate. The trial court held that it does. We disagree.

The trial court cited the following rule of law in its analysis:

"It is recognized in this state that water may or may not be appurtenant to land. The provisions of the deed control, and if the deed be silent on the subject, then the intention of the parties is to be determined from all the circumstances of the case, including the fact as to the use of the water and whether it is necessary and essential to the beneficial use and enjoyment of the land."

*Kinoshita v. North Denver Bank,* 181 Colo. 183, 508 P.2d 1264 (1973); *Hastings & Heyden Realty Co. v. Gest,* 70 Colo. 278, 201 P. 37 (1921).

This rule applies to deeds. Tony's Estate contends that its application to wills would violate the general prohibition against construing an unambiguous will from extrinsic evidence. We adopt an exception to that rule.

Unambiguous deeds, like unambiguous wills, are usually to be construed according to the language contained in the four corners of the document. *Cf. In re Estate of Paulsen,* 113 Colo. 373, 158 P.2d 186 (1945); § 15–11–603, C.R.S. (1987 Repl.Vol. 6B); and *Moore v. Second Congregational Church,* 115 Colo. 392, 175 P.2d 90 (1946). However, in the *Kinoshita* ruling, our Supreme Court has created an exception to such principle in the law of deeds when the document is silent as to water rights. In such circumstances, the fact-finder may look beyond the four corners of the document to determine the grantor's intent as to the transfer of water rights. *See Arnett v. Linhart,* 21 Colo. 188, 40 P. 355 (1895).

We know of no reason to limit application of this rule to the construction of deeds. Therefore, we conclude that the trial court properly relied on this rule in its construction of the Will in this matter. However, as discussed below, we find that it incorrectly interpreted the rule.

## II.

■ In applying the *Kinoshita* exception to this testate proceeding, the trial court held, as a matter of law, that when there is a need to preserve the present or previous use of the land, the water is appurtenant to the land. It therefore admitted evidence as to the historic and beneficial use of the water on the property but denied the admission of extrinsic evidence as to the testator's intent. This was error.

The focus of the rule which we have adopted is the *intention* of the testator as to his water rights. Intent is a question for the fact-finder to determine from "all

of the circumstances of the case." *Kinoshita v. North Denver Bank, supra; Denver Joint Stock Land Bank v. Markham,* 106 Colo. 509, 107 P.2d 313 (1940). Historic use of the water on the property is only one of the factors relevant to the issue.

Consequently, the trial court erred in limiting extrinsic evidence to the historic and beneficial use of the water on the property. When a will is silent as to the devise of water rights, extrinsic evidence is admissible to determine the testator's intent as to the water rights.

Accordingly, the judgment is reversed and the cause is remanded for a new trial consistent with this opinion.

NEY and VAN CISE *, JJ., concur.