**VALLEY BANK OF FREDERICK, a Colorado corporation, f/k/a The Platte Valley Bank of Weld County; and Gary L. Jackson, Plaintiffs–Appellees,**

v.

**Jerald W. ROWE and Geraldine S. Rowe, a/k/a Geraldine Sharon Rowe, Defendants–Appellants.**

No. 92CA0221.

Colorado Court of Appeals, Div. I.

March 11, 1993.

James A. Gustafson, Greeley, Meyer & Saint, Robert H. Meyer, Camilla R. Saint, Estes Park, for plaintiffs-appellees.

Nelson, Reid & Schwartz, Daniel W. Dean, Fort Collins, for defendants-appellants.

Opinion by Judge PIERCE.

In this action to quiet title, defendants, Jerald L. and Geraldine S. Rowe, appeal from a summary judgment entered in favor of plaintiff, Valley Bank of Frederick (bank). We reverse and remand.

Richard L. and Leslie M. Sorenson borrowed money from the Farmers Home Administration (FmHA) for the purchase of a 41–acre farm, secured by a deed of trust on the farm and 15 shares of water stock issued by the Ish Ditch Company, which was owned or operated by the Boulder and Larimer County Irrigating and Manufacturing Ditch Company. The water stock represented all of the water used by the farm.

On February 8, 1978, the Rowes purchased the farm from the Sorensons and agreed to assume the Sorensons' FmHA loan. The Sorensons and the FmHA indorsed the water stock certificate to the Rowes on February 9, 1978, and subsequently the ditch company issued a new certificate solely in the name of the Rowes. In order to obtain purchase money for the farm, the Rowes executed a promissory note in favor of the Sorensons in the amount of $10,000, pledging the water stock as collateral. The Rowes later paid the note to the Sorensons in full and obtained a release.

In February 1981, the Rowes borrowed approximately $100,000 from the bank, secured by a second deed of trust on the farm. In lieu of foreclosure and deficiency, the Rowes conveyed the farm to the bank by quitclaim deed in August 1982. Neither the second deed of trust nor the quitclaim deed specifically referred to the water stock or to water rights in the farm.

In October 1983, the Rowes defaulted on the note to the FmHA, whereupon the FmHA initiated foreclosure proceedings. The FmHA purchased the farm at a public trustee sale and later sold its interest in the farm to the bank. The public trustee's certificate of sale listed both the farm and the water stock.

The Boulder and Larimer County Irrigating and Manufacturing Ditch Company refused to issue a new water stock certificate in the name of the bank without the Rowes' indorsement. As a result, the bank brought this action to quiet title to the water stock in December 1990.

In July 1991, the bank filed a motion for summary judgment. At that time, the Rowes' attorney was temporarily suspended from the practice of law. Consequently, the Rowes, unaware that a summary judgment motion had been filed, filed no response, and the trial court entered summary judgment in favor of the bank on October 22, 1990.

Upon learning of the summary judgment, the Rowes obtained new counsel and, in November 1990, filed a motion for relief from judgment under C.R.C.P. 60(b). However, finding that the Rowes did not have a meritorious defense against the bank's claim, the trial court denied the motion.

I.

On appeal, the Rowes' contend that the trial court erred in refusing to grant their motion for relief from judgment under C.R.C.P. 60(b). We agree.

■ Although the decision to relieve a party from a judgment or final order under C.R.C.P. 60(b) lies within the sound discretion of the trial court, such decision may be overturned if abuse of that discretion is shown. *See Johnston v. S.W. Devanney & Co.*, 719 P.2d 734 (Colo.App.1986).

A court may relieve a party from any final order or judgment for mistake, inadvertence, surprise, excusable neglect, or any other good cause justifying relief from the judgment. C.R.C.P. 60(b). In order to warrant relief from a judgment, a party setting forth such "good cause" must also allege a defense which is prima facie meritorious. *Henritze v. Borden Co.*, 163 Colo. 589, 432 P.2d 2 (1967).

### A.

■ The Rowes contend they alleged "good cause" under C.R.C.P. 60(b) to have the summary judgment against them set aside because of malfeasance by their attorney. We agree.

The ordinary negligence of an attorney may be imputed to his client, *see Middleton v. Stavely*, 124 Colo. 88, 235 P.2d 596 (1951), and generally such negligence does not constitute "excusable neglect" which would justify relief from a judgment. *Guynn v. State Farm Mutual Auto Insurance Co.*, 725 P.2d 1162 (Colo.App. 1986). However, the *gross* negligence of counsel will not be imputed to the client and may be considered excusable neglect entitling the client to relief from judgment. *Dudley v. Keller*, 33 Colo.App. 320, 521 P.2d 175 (1974).

■ Here, the trial court did not reach the issue of good cause for relief from the summary judgment. Nevertheless, we rule that the Rowes alleged sufficient "good cause" to set aside the summary judgment. In their motion for relief, the Rowes alleged that they were unaware that their attorney had been suspended from the practice of law. The bank's motion for summary judgment was filed while the suspension was in effect, and the Rowes received no notice of the motion or hearing. Upon learning of the summary judgment, the Rowes obtained new counsel and promptly filed a motion for relief from the judgment.

Counsel's failure to act or to inform the Rowe's of the situation constitutes gross negligence, and absent a showing of negligence on the part of the Rowes, there is sufficient good cause to set aside the judg-

ment against them. *See Dudley v. Keller, supra.*

### B.

Next, the Rowes contend that the trial court erred in finding that they lacked a meritorious defense to the bank's claims. They argue that they did not intend to convey the water stock to the bank under the second deed of trust or quitclaim deed, and therefore, the bank did not obtain title to the water stock under the "appurtenances" clause of the quitclaim deed. Alternatively, they contend that the FmHA indorsed the water stock to them, and therefore, the water stock was released from the original deed of trust and could not have passed to the bank following the foreclosure sale.

We agree that these allegations, if established at trial, would constitute a meritorious defense to the bank's claims. Therefore, we hold that the trial court abused its discretion in denying the Rowes' motion for relief from judgment.

### 1.

■ Relying on *Kinoshita v. North Denver Bank*, 31 Colo.App. 227, 501 P.2d 1337 (1972), *aff'd*, 181 Colo. 183, 508 P.2d 1264 (1973), the trial court concluded that, although neither the second deed of trust nor the quitclaim deed given to the bank specifically described the water stock, the water stock was appurtenant to the land and therefore was transferred to the bank along with the land. We disagree.

In *Kinoshita*, a landowner defaulted on a bank loan for which he had pledged certain property and water stock as collateral. The deed of trust specifically described the water stock and the stock certificates, together with the stock's powers executed in blank, were delivered to the bank. Although the public trustee's deed issued after the foreclosure sale did not specifically list the water stock, the court held that the water stock was at all times appurtenant to the land and that, therefore, it passed to the purchaser at the foreclosure sale. Thus, a subsequent attempt by the land-

owner to convey the water stock, after the foreclosure sale, was invalid.

*Kinoshita,* however, is distinguishable from the facts of this case. Here, unlike *Kinoshita,* neither the deed of trust nor the subsequent quitclaim deed described the water stock. Moreover, in *Kinoshita,* the trial court specifically found that "it was the intention of the grantor of the deed of trust to convey the water rights to the public trustee." *Kinoshita v. North Denver Bank, supra,* 501 P.2d at 1341. Here, the trial court made no such findings of fact regarding the Rowes' intent.

Moreover, whether water rights are appurtenant to land and whether, on sale or transfer of land, water rights pass as appurtenances are generally questions of fact. *Travelers Insurance Co. v. Janitell Farms, Inc.,* 44 Colo.App. 34, 609 P.2d 1116 (1980). Also, whether such water rights pass without specific mention in the deed is dependent upon whether it appears from the circumstances that the grantor intended the rights to so pass. *Means v. Pratt,* 138 Colo. 214, 331 P.2d 805 (1958).

The law in this state is best summarized by the quote from *Hastings & Heyden Realty Co. v. Gest,* 70 Colo. 278, 201 P. 37 (1921) which was set forth in the supreme court affirmance of *Kinoshita, supra,* where they stated:

It is recognized in this state that water may or may not be appurtenant to land. The provisions of the deed control, and if the deed be silent on the subject, then the intention of the parties is to be determined from all of the circumstances in the case, including the fact as to the use of the water and whether it is necessary and essential to the beneficial use and enjoyment of the land.

Therefore, we conclude that the Rowes have alleged a meritorious defense to the bank's claim based upon the quitclaim deed.

### 2.

■ In its order denying the Rowes' motion for relief from judgment, the trial court further found that the water stock had not been released from the FmHA deed of trust. Therefore, it concluded, the Rowes lacked a meritorious defense because even if the bank did not obtain title to the water stock via the quitclaim deed, the water stock passed to the bank following the foreclosure sale. Again, we disagree.

In her deposition testimony, which was attached as an exhibit to the bank's motion for summary judgment, Geraldine Rowe stated that representatives from the FmHA informed her and Jerald Rowe that they owned sufficient equity in the farm to permit the release of the water stock. Subsequently, the water stock was indorsed over to the Rowes, who then pledged the water stock as collateral for a separate loan from the Sorensons.

The water stock, represented by certificate number 424, originally listed as owners "Richard E. Sorenson & Leslie M. Sorenson, equity owners, U.S.A. Farmers Home Administration Department of Agriculture U.S.D.A. Mortgagee." At the time the Rowes assumed the Sorensons' loan, certificate No. 424 was indorsed by the FmHA's county supervisor as follows:

The interests of the United States of America, as mortgagee of 15 shares of the capital stock of the Boulder and Larimer County Irrigating and Manufacturing Company, evidenced by this certificate have been terminated by transfer of the mortgage in it and therefore this certificate is assigned by the United States of America to Jerald L. Rowe and Geraldine S. Rowe, and the secretary of said Company is authorized to note this assignment in its records.

Subsequently, a new stock certificate, No. 427, was issued, listing only "Jerald M. Rowe and Geraldine S. Rowe" as the owners of the water stock.

If, as the Rowes contend, the FmHA released its interest in the water stock to the Rowes, the water stock could not have passed to the bank following foreclosure of the FmHA loan because a party cannot convey more of a property interest than it owns. Therefore, we conclude that the Rowes have alleged a meritorious defense

to the bank's claim based upon the public trustee's deed, and the trial court abused its discretion in denying their motion for relief from judgment. *See Henritze v. Borden Co., supra.*

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

METZGER and DAVIDSON, JJ., concur.