In the Matter of the Estate of Tony PALIZZI, Jr., also known as Anthony Palizzi, Jr., Deceased.

Margaret M. PALIZZI, Personal Representative of the Estate of Carl A. Palizzi, Deceased, Petitioner,

v.

Tom PALIZZI, Personal Representative of the Estate of Tony Palizzi, Jr., also known as Anthony Palizzi, Jr., Deceased, Respondent.

No. 92SC303.

Supreme Court of Colorado, En Banc.

July 6, 1993.

---

Michael R. Dice and Marcy G. Baysinger, Denver, for petitioner.

Gehler & Merrigan, Robert R. Gehler and Paula B. Gerlach, Commerce City, for respondent.

Justice ERICKSON delivered the Opinion of the Court.

This is a will contest which centers on whether the testator's devise of farm land also included water rights. Margaret M. Palizzi, the personal representative of the Estate of Carl A. Palizzi (the petitioner), filed an action against Tom Palizzi, the personal representative of the Estate of Anthony Palizzi, Jr. (the respondent). The Adams County District Court determined that the water rights were appurtenant to the land, were devised by implication to the petitioner, and therefore issued a permanent injunction prohibiting the respondent from interfering in the use of the water rights. On appeal, the court of appeals concluded that when a will is silent as to a devise of water rights, extrinsic evidence is admissible to determine a testator's intent to devise the water rights with the real property. *Matter of Estate of Palizzi*, 835 P.2d 563, 565 (Colo.App.1992). Accordingly, the court of appeals reversed the order of the district court and remanded for a new trial.

We granted certiorari and hold that when an unambiguous will is silent as to whether water rights are transferred with specifically devised land, a trial court may imply a devise of the water rights after examining all of the surrounding facts and circumstances of the case and evaluating whether the water rights are necessary for the beneficial use of the land. Because our holding does not allow the admission of extrinsic evidence of a testator's intent regarding the water rights, we reverse the judgment of the court of appeals and remand with directions to reinstate the order entered by the district court.

I

This case involves the interpretation and construction of the will of Anthony Palizzi, Jr. (the testator). At his death on January 10, 1989, the testator owned a sixty-acre tract of land that had been farmed since

the 1930's. The testator's parents, Antonio and Angelina Palizzi, originally purchased a 120–acre tract of irrigated farm land to produce vegetables. In 1959, the Palizzis conveyed the eastern sixty acres to the testator and the western sixty acres to one of their other sons, Carl Palizzi. In 1972, Carl Palizzi's son, Carl A. Palizzi, took over the farming operation of the western sixty-acre tract of land from his father. When the testator retired in 1975, Carl A. Palizzi began to farm the entire 120 acres.

At the time of his death, the testator also owned water rights that historically had been used to supply water to the eastern sixty-acre tract of land. The water rights consisted of (1) surface water rights represented by forty shares of stock in the Fulton County Irrigating Ditch Company (the Fulton County shares);[1] (2) a one-half interest in a well located on the western sixty-acre tract of land;[2] and (3) contracts for replacement water allocated through Groundwater Appropriators of the South Platte River Basin, Inc. (the replacement water contracts).

A provision in the testator's will specifically devised to his nephew, Carl A. Palizzi, a twenty-acre parcel of the eastern sixty-acre tract of land that was immediately adjacent to the western sixty-acre tract of land.[3] The testator's will did not expressly devise the water rights. In the residuary clause of the will, however, the testator devised the "rest, residue, and remainder" of his estate to four siblings.[4]

Carl A. Palizzi died shortly after the testator. The petitioner, as personal representative of Carl A. Palizzi's estate, filed a declaratory judgment action against the respondent, as personal representative of the testator's estate. The declaratory judgment action requested that the district court construe the testator's will and order that a proportionate share of the testator's water rights was devised with the twenty-acre tract as appurtenant to the real property. The petitioner also filed a motion for a preliminary injunction seeking to enjoin the respondent from preventing the petitioner from using the water rights it claimed. The respondent's answer asserted that because the water rights owned by the testator were not specifically devised in the will, they passed through the residuary clause of the will to the testator's siblings.

The district court conducted a hearing on the petitioner's motion for the preliminary injunction. On April 11, 1990, it granted the preliminary injunction as to the Fulton County shares, denied the preliminary injunction as to the well water, and did not rule on the replacement water contracts.[5] It concluded that absent a specific declaration within the will to the contrary, the Fulton County shares were devised by implication with the twenty-acre parcel of property. In determining whether the Fulton County shares were appurtenant to the

1. When the testator's parents acquired the 120–acre tract of land, they also purchased eighty shares of Fulton County Irrigating Ditch Company stock to obtain irrigation water for the farm land. The Fulton County Irrigating Ditch Company is a mutual ditch company which owns decreed rights to the use of water from the South Platte River. The testator's parents conveyed forty shares of the stock to the testator along with the eastern sixty-acre tract of land in 1959.

2. The testator's parents constructed the well to divert tributary groundwater to the entire 120–acre tract. In 1959, the testator's parents conveyed an undivided one-half interest in the well and an easement to the well to the testator along with the eastern sixty acre tract.

3. The second paragraph provided:
SECOND: I give, devise, and bequeath to my nephew, Carl A. Palizzi, a parcel of land con-

sisting of 20 acres, more or less, described as follows....

4. The third paragraph provided:
THIRD: I give, devise, and bequeath all the rest, residue and remainder of my estate, whether real, personal or mixed, wheresoever situate, and whether now owned or hereafter acquired by me unto my sisters, Anna Pelino, Mamie Polk, Louise Johnson, and my brother Tom Palizzi, equally, share and share alike.

5. The district court concluded that further proceedings were necessary as to the well water because it could not determine whether the well water was appurtenant to the property based on the testimony before it. Nonetheless, the district court concluded that a sufficient showing had not been made to warrant the issuance of a preliminary injunction as to the well water.

real property, the district court admitted evidence offered by the petitioner as to the historic and beneficial use of the water rights. Based on its finding that the will was not ambiguous, however, the district court refused to admit extrinsic evidence offered by the respondent as to the testator's intent regarding the devise of the water rights.[6]

On June 20, 1990, a bench trial was held on the merits of the case. At trial, the district court admitted evidence offered by both the petitioner and the respondent as to the historic and beneficial use of the water rights. The district court again sustained the petitioner's objections to proffered testimony regarding the testator's intent in devising the farm land.[7]

The district court subsequently ruled that the Fulton County shares were devised by implication to the petitioner, reaffirming its earlier order and incorporating it by reference. Similarly, the district court concluded that a pro rata share of the well water and the replacement water contracts were devised by implication. Accordingly, the district court issued a permanent injunction prohibiting the respondent from interfering in the use of the water rights.

The court of appeals reversed the judgment of the district court and determined that when a will is silent as to a devise of water rights, extrinsic evidence is admissible to determine the testator's intent as to the water rights. *Palizzi*, 835 P.2d at 565. We reverse and remand with directions.

## II

The issue before us is whether in construing a devise of agricultural real estate in a will that does not address water rights, a court may admit extrinsic evidence of a

testator's intent to determine whether the water rights are transferred as part of the devised real property. We agree with the district court's conclusions that a court may imply a devise of water rights when an unambiguous will does not address whether the water rights are transferred with the devised real property, and that extrinsic evidence as to the testator's intent should not be admitted.

### A

In resolving the question of the admissibility of extrinsic evidence of a testator's intent to devise water rights, we are guided by the relevant statutory provisions and established canons of will construction. The intent of a testator as expressed in a will controls the legal effect of the testator's dispositions. § 15–11–603, 6B C.R.S. (1987). The cardinal rule in construing a will is to ascertain the intent of the testator *from the will* itself and to give it effect. *In re Estate of Dewson*, 181 Colo. 189, 191–92, 509 P.2d 311, 312 (1973); *Meier v. Denver United States Nat'l Bank*, 164 Colo. 25, 29, 431 P.2d 1019, 1021 (1967); *In re Estate of Paulsen*, 113 Colo. 373, 379–80, 158 P.2d 186, 189 (1945); *Bacon v. Nichols*, 47 Colo. 31, 34, 105 P. 1082, 1093 (1909). If the terms of a will are unambiguous, a court will not admit extrinsic evidence to establish a contrary intent to that expressed by the plain language of the will. *In re Estate of Dewson*, 181 Colo. at 191–92, 509 P.2d at 312; *In re Estate of Newby*, 146 Colo. 296, 301, 361 P.2d 622, 625 (1961); *Gibson v. Hills*, 84 Colo. 596, 600, 272 P. 660, 661 (1928).

Applying the foregoing principles, the district court determined that the will was not ambiguous and that extrinsic evidence of the testator's intent regarding the water rights was not admissible. Based on *Kino-*

6. The district court sustained the petitioner's objection to the proffered testimony of the attorney who prepared the testator's will on the grounds that extrinsic evidence of intent is inadmissible when a will is unambiguous.

7. The respondent made offers of proof of the testator's alleged statements to three witnesses regarding his intent to not devise the water rights with the twenty acres. The district court

sustained the petitioner's objections, which, like the earlier objection to the testimony of the attorney who drafted the will, were based on the fact that the will was not ambiguous. *See supra* note 6. Because the objections were not based on section 13–90–102, 6A C.R.S. (1987), we express no opinion on whether the Dead Man's Statute would have foreclosed the proffered testimony.

*shita v. North Denver Bank,* 181 Colo. 183, 508 P.2d 1264 (1973), however, the district court admitted evidence offered by both parties as to the historical and beneficial use of the water rights to determine whether the water rights were appurtenant to the real property devised in the will.

■ A water right is a separate property right from the land on which it is used. *Southeastern Colo. Water Conservancy Dist. v. Twin Lakes Assocs.,* 770 P.2d 1231, 1239 (Colo.1989); *Nielson v. Newmyer,* 123 Colo. 189, 192, 228 P.2d 456, 458 (1951). The rule delineated in *Kinoshita* allows a court to imply a grant of water rights where a deed conveying real property is silent as to whether the water rights are transferred with the real property. *Kinoshita,* 181 Colo. at 188, 508 P.2d at 1267.

*Kinoshita* developed from a line of cases concerning conveyances of real property by deeds that were silent as to whether water rights were transferred with the land conveyed. *Arnett v. Linhart,* 21 Colo. 188, 190, 40 P. 355, 355 (1895), first stated that "whether a deed to land conveys the water right depends upon the intention of the grantor, which is to be gathered from the express terms of the deed; or, when it is silent as to the water right, from the presumption that arises from the circumstances, and whether such right is or is not incident to and necessary to the beneficial enjoyment of the land."

Subsequent cases agreed that a court may determine whether water rights are appurtenant to real property conveyed by deed by examining all of the surrounding facts and circumstances and evaluating whether the water rights are necessary for the beneficial use of the land. *See, e.g., State v. Lionello,* 157 Colo. 161, 167–68, 401 P.2d 593, 596 (1965); *Denver Joint Stock Land Bank v. Markham,* 106 Colo. 509, 516–17, 107 P.2d 313, 315–16 (1940); *James v. Barker,* 99 Colo. 551, 556, 64 P.2d 598, 600 (1937); *Hastings & Heyden Realty Co. v. Gest,* 70 Colo. 278, 283, 201 P. 37, 39 (1921); *Bessemer Irrigating Ditch Co. v. Woolley,* 32 Colo. 437, 442–43, 76 P. 1053, 1054 (1904); *Traveler's Ins. Co. v. Childs,* 25 Colo. 360, 365, 54 P. 1020, 1022

(1898). If a court finds that the water rights are appurtenant to the real property conveyed, we have indicated that a presumption arises that a transferor intended to include the water rights among the rights conveyed. *See, e.g., Means v. Pratt,* 138 Colo. 214, 220, 331 P.2d 805, 808 (1958); *James,* 99 Colo. at 556, 64 P.2d at 600. Extrinsic evidence of a testator's actual intent is not admissible to rebut the presumption. § 15–11–603, 6B C.R.S. (1987).

In *Kinoshita,* our most recent pronouncement of the rule, we stated:

> It is recognized in this state that water may or may not be appurtenant to land. The provisions of the deed control, and if the deed be silent on the subject, then the intention of the parties is to be determined from all the circumstances of the case, including the fact as to the use of the water and whether it is necessary and essential to the beneficial use and enjoyment of the land.

*Kinoshita,* 181 Colo. at 188, 508 P.2d at 1267 (citing *Hastings,* 70 Colo. at 283, 201 P. at 39). Relying on the language in *Kinoshita,* the court of appeals reversed the district court, concluding that *Kinoshita* created an exception to the general rule against admitting extrinsic evidence to construe an unambiguous will by requiring a court to determine the intent of the transferor from "all the circumstances of the case." We conclude that the court of appeals misinterpreted *Kinoshita.*

**B**

■ All of the cases that have applied the rule delineated in *Kinoshita* involved real property that was conveyed by a deed. Nevertheless, both the district court and the court of appeals concluded that the *Kinoshita* rule also applies to a devise of real property in a will. We agree that where the provisions of a will are silent as to whether water rights are transferred with the land, a court may imply a devise of water rights after examining all the surrounding facts and circumstances of the case and evaluating whether the water rights are necessary for the beneficial use of the land.

Recognizing that the *Kinoshita* rule applies to wills, however, does not allow a court to admit extrinsic evidence of a testator's intent where an unambiguous will does not address water rights. The *Kinoshita* rule is not an exception to the general rule against admitting extrinsic evidence to determine whether an unambiguous will transfers water rights not referred to in the will. We conclude that the two rules are mutually exclusive and coexistent rules of construction that courts must employ to determine whether an unambiguous will that devises a piece of real property also devises the water rights allegedly used on the land. Such a construction accords equal weight and deference to each rule and the underlying policy considerations of each.

Although the two rules address somewhat interrelated questions, they are analytically distinct. The *Kinoshita* rule is a limited rule that merely allows a court to imply a devise of water rights from a will that is silent as to whether the water rights are transferred with devised real property after examining all of the surrounding facts and circumstances of the case and evaluating whether the water rights are necessary for the beneficial use of the land. As such, the *Kinoshita* rule should be employed only to determine whether the water rights are appurtenant and whether to imply a devise of water rights from a will. The *Kinoshita* rule, however, does not permit a court to admit extrinsic evidence of a testator's intent regarding water rights where an unambiguous will does not address water rights.

We construe the rule delineated in *Kinoshita* as a coequal rule, rather than as an exception, to the general rule against admitting extrinsic evidence to construe an unambiguous will. The construction advanced by the court of appeals creates an exception that engulfs the overriding rule of will construction, because in every case where a will does not expressly devise water rights, a court would be required to admit extrinsic evidence of a testator's intent regardless of whether the will itself is actually ambiguous.

This case highlights how a court can determine the intent of a testator to devise water rights after reviewing all of the surrounding facts and circumstances of the case, without admitting extrinsic evidence of the testator's intent. Guided by the basic principles of will construction, the district court first determined that the will was not ambiguous and therefore excluded extrinsic evidence of the testator's intent offered to contradict unambiguous provisions of the will. Applying the rule delineated in *Kinoshita*, however, the district court admitted evidence as to the historical and beneficial use of the water on the property not to discern the testator's actual intent, but to determine the limited questions of whether the water rights were appurtenant to the devised real property and whether to imply a devise of the water rights. By doing so, the district court satisfied both the *Kinoshita* rule and the general rule against admitting extrinsic evidence to construe an unambiguous will.

### III

We conclude that if an unambiguous will does not address the subject of whether water rights transferred with the land, a court may imply a devise of water rights after examining all the surrounding facts and circumstances of the case and evaluating whether the water rights are necessary for the beneficial use of the land. Such a limited rule, however, does not permit a court to violate the general rules of will construction by admitting extrinsic evidence of a testator's intent regarding the water rights when the will is unambiguous. Accordingly, we reverse the judgment of the court of appeals and remand with directions to reinstate the judgment entered by the district court.